**DUNBAR & SULLIVAN DREDGING CO., Plaintiff,**

v.

**John R. JURGENSEN CO., the American Insurance Company, and Roy McGovney, d.b.a., Roy McGovney Construction Company, Defendants.**

**No. 6026.**

United States District Court
S. D. Ohio, W. D.

Sept. 14, 1967.

Judgment affirmed, 6 Cir., 396 F.2d 152.

**470**

Paul W. Steer, Cincinnati, Ohio, for plaintiff Dunbar & Sullivan.

David P. Faulkner, Cincinnati, Ohio, for defendants Jurgensen and American Insurance.

Louis A. Ginocchio, Cincinnati, Ohio. for defendant Roy McGovney.

## MEMORANDUM OPINION

PORTER, District Judge.

This case started out as one involving a contract between a subcontractor and his general. The plaintiff, Dunbar & Sullivan Dredging Co. (which will be called Dunbar), is the subcontractor. The defendant, John R. Jurgensen Co., is the general contractor and the defendant, American Insurance Company is Jurgensen's surety.

Jurgensen and American not only answered and counterclaimed but crossclaimed against another subcontractor, McGovney, without first obtaining leave to make him a defendant. McGovney nevertheless answered, and Jurgensen then moved to strike portions of McGovney's answer alleging no jurisdiction for failure to obtain leave, no diversity and no federal question. In the alternative, Jurgensen moved for an order making McGovney a defendant *nunc pro tunc*. American joins in Jurgensen's motions, and they present for decision questions about third party practice which merit a full statement of facts and discussion of the applicable rules and authorities.

The facts are these: On May 6, 1963 Dunbar entered into a contract with Jurgensen to supply and place material in embankments on Ohio State Highway Project No. 736 in Clermont and Hamilton Counties. This was to be performed as part of Jurgensen's contract (No. 1726) with the Ohio State Highway Department. Pertinent portions of the contract state: "If Dunbar & Sullivan misplace material contrary to Jurgensen's direction, it shall be Dunbar & Sullivan's responsibility to move it, if moving is necessary." And, "Dunbar & Sullivan will save harmless Jurgensen from any

and all claims and demands of every nature, arising from or out of the operations of Dunbar & Sullivan in carrying out the provisions of this agreement and will further indemnify and save harmless Jurgensen for any damage directly or indirectly caused to said project by errors or omissions of its personnel or for damage caused by the operation of any of its equipment."

Dunbar alleges that it caused its forces to be on the project ready for work May 6, 1963, as ordered and directed by Jurgensen, but was unable to commence work until May 24, 1963, due to delays caused by Jurgensen; that after it entered upon its work, it duly prosecuted the work with diligence and in a workmanlike manner, and that it satisfactorily performed all conditions of the contract between it and Jurgensen. Dunbar further alleges that, under the contract, there became due $778,745.66, and that by acts of omission and commission by Jurgensen, contrary and beyond the contemplation of the contract, the performance of Dunbar was made more expensive and increased in the amount of $45,486.61. Dunbar claims that as a result there became due, exclusive of interest, $894,870.23, and that there was paid on account $676,536.41, leaving a balance of $218,333.82, plus 6% interest on all sums not paid by Jurgensen at the times when they became due under the contract.

Dunbar further alleges that by reason of the foregoing, the conditions of the bond of American were broken and the obligation of American as surety matured in favor of Dunbar. Dunbar alleges a demand, and a refusal of that demand, and, on July 21, 1965, within a period of 90 days after acceptance of the Ohio State Highway Project by the State of Ohio, Dunbar furnished American with a statement of the amount due it under its contract with Jurgensen, pursuant to Ohio Rev.Code § 153.56.

Dunbar brings suit in this Court for $218,333.12, alleging diversity of citizenship. Dunbar is a New York corporation, with its principal place of business in Detroit, Michigan, and Jurgensen is an Ohio corporation, with its principal place of business in Cincinnati, Ohio. American is a New Jersey corporation. Therefore, there is present the requisite diverse citizenship.

In the answer of Jurgensen and American, the defendants claim that the total contract price is $747,632,70, and that Dunbar has been paid $676,536.41, which leaves a difference of only $71,096.29. They say this sum is not due because Dunbar placed excessive fill on various sections of the project, and that Jurgensen was, therefore, required to spend sums in excess of the amount due to remove this.

The defendants Jurgensen and American also counterclaim for damages due them by Dunbar as a result of the expenditure made in removing the fill, relying on those portions of the contract set out above. Jurgensen and American claim that Jurgensen spent $25,000 in moving the excess fill, and that Jurgensen also had a contract with McGovney, under which McGovney was to spread and place such fill, and to slope the embankment. McGovney made a claim against Jurgensen by way of mechanic's lien for $145,890.00 for moving and disposing of the excess fill. *Jurgensen and American allege that this claim is the responsibility of Dunbar because of its breach of the contract between Jurgensen and Dunbar and ask for a declaratory judgment to establish the rights of the parties.*

In their answer, Jurgensen and American also set out a crossclaim against McGovney praying for a declaratory judgment and an order stating that Jurgensen's obligation to McGovney arises out of Dunbar's breach of contract, and to the extent Jurgensen is liable to McGovney, Dunbar should indemnify Jurgensen.

McGovney answered (after being served, but before being made a party)

alleging that this Court has no jurisdiction for the reason that Jurgensen failed to comply with Rule 13(h) of the Federal Rules of Civil Procedure by failing to apply for an order of this Court permitting Jurgensen to make McGovney a party to this action or for leave to file the crossclaim against McGovney, and for the further reason that McGovney is a citizen of Ohio, and, therefore, there is no diversity of citizenship between Jurgensen and McGovney. McGovney also claims that, if this Court has jurisdiction, there is due him from Jurgensen and American the sum of $122,028.02, plus $12,786.76 for unpaid invoices for services, materials, supplies and equipment, along with $145,890.00 for work completed, and prays for judgment in his favor in the amount of $280,704.78.

The questions before this Court arise from Jurgensen and American's motion to strike Paragraph 4 of McGovney's answer, which states that Jurgensen and American failed to apply for or obtain an order of this Court permitting them to make this defendant (McGovney) a party to this action, or for leave to file their crossclaim against McGovney, and from the motion to strike paragraph 5 of McGovney's answer, which states that there is no federal question herein presented, and from the motion to strike Paragraph 6 of McGovney's answer, which denies jurisdiction of this Court by virtue of the crossclaim of Jurgensen and American. By way of alternative motion, Jurgensen and American move to have McGovney made a party-defendant to this action *nunc pro tunc* pursuant to Rule 13(h) of the Federal Rules of Civil Procedure, as the Rule existed at the time of Jurgensen and American's crossclaim, and before its amendment in July, 1966. They also move, in the alternative, to have McGovney made a party-defendant pursuto Rule 13(h) of the Federal Rules of Civil Procedure as it now exists.

We will first consider the motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure expressly provides that a motion to strike can be used to test the sufficiency of a legal defense. Of course, it is also used to remove redundant or irrelevant allegations from a pleading. On this motion, all well-pleaded facts must be accepted as true. Commerce Mfg. Co. v. Blue Jeans Corp., 146 F.Supp. 15 (E.D.N.C., 1956). It is recognized that striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice and should be sparingly used by the courts. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819 (6 Cir., 1953).

The motion to strike Paragraphs 4 and 6 are motions going to the insufficiency of a defense, and, in order to sustain the motion, this Court must find that the defense is wholly insufficient in law and so unrelated to Dunbar's claim as to be unworthy of any consideration as a defense. California Brewing Co. v. Rino, 143 F.Supp. 801 (D.Idaho, 1956). In deciding this motion, it is not this Court's function to determine disputed questions of law, and the motion will not be granted if the defense may be better determined on the merits. Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5 Cir., 1962); Smith v. Piper Aircraft Corp., 18 F.R.D. 169 (D.C.Pa., 1955).

As to Paragraph 4, there is a substantial disputed question of law as to whether Jurgensen and American's failure to request leave to make McGovney a party before filing a crossclaim under Rule 13(h) now deprives this Court of jurisdiction over McGovney. Thus, the motion to strike this paragraph is denied, and the Court will face this question on the merits in considering Jurgensen and American's alternative motion of having McGovney made a party-defendant in this action.

As to Paragraph 6, this also presents a substantial disputed question of law as to whether this court has jurisdiction over McGovney, both by rea--

son of Jurgensen and American's failure to request leave to make McGovney a party, and by reason of the question of McGovney's diverse citizenship; thus this motion is also denied, and the Court will face this question on the merits in determining Jurgensen's and American's alternative motion.

■ As to Paragraph 5, the issue is whether or not this statement of lack of a federal question is irrelevant, considering that Dunbar's claim in this action is based on diversity jurisdiction only. We feel it is not. In considering the question of this Court's jurisdiction over a third party, there is an issue as to whether McGovney can be joined if there is no diversity of citizenship between McGovney and Jurgensen. If this Court finds that McGovney cannot be joined for this reason, it then becomes relevant to see whether McGovney can be joined for some other reason; that is, it will then become relevant to determine whether this Court has jurisdiction over McGovney on some basis other than diversity. Without at this time getting into a discussion of what is required in the way of jurisdiction before a third party may be joined under Rule 13(h), suffice it to say that the allegation of lack of a federal question is not completely irrelevant, and, therefore, the motion is denied.

We now turn to a consideration of Jurgensen and American's alternative motions. Since an order making McGovney a party *nunc pro tunc* is a more extraordinary remedy than that requested by Jurgensen and American's second alternative, we willl look first to the motion to have McGovney made a party pursuant to Rule 13(h) as it now exists.

Rule 13(h), in its amended form, simply states: "Persons other than those made parties to the original action may be made parties to a * * * cross-claim in accordance with the provisions of Rules 19 and 20."

■ Under this Rule, persons who may be made additional parties to a counterclaim are not limited to those who would in the past have been called "indispensable" or "necessary," and, if a counterclaim is properly asserted against a plaintiff, any other person can be added as a party to the counterclaim whose joinder in the original action would be authorized by Rule 20. 1A Barron & Holtzoff, Federal Practice and Procedure, Sec. 399 (Wright Ed., 1966 Supp.). The purpose of the Rule is to avoid circuity of action, and to provide for speedy settlement of all controversies between the parties. Southern Construction Co. v. United States for Use of Pickard, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). However, the statutory requirements for diversity are unchanged, and cannot be circumvented by spurious theories of ancillary jurisdiction. Parties will be aligned by the Court in accordance with their beneficial interests, and a defendant whose real interest is with the plaintiff, and whose citizenship is the same as that of the other defendants will not be permitted to be joined by crossclaim as a party-defendant. Farr v. Detroit Trust Co., 116 F.2d 807 (6 Cir., 1941).

■ The amended Rule 13(h) differs from the original Rule 13(h) to this extent: Where the counterclaim of the defendant to the original action is one which would be considered compulsory under Rule 13(a), then there need not be independent grounds of jurisdiction over the additional party. This is not intended to be a change in the original Rule, but merely a clarification of the inadequately worded Rule 13(h) as it originally appeared. Advisory Committee Note to the 1966 Amendment of Rule 13(h) of the Federal Rules of Civil Procedure for the United States District Court, 3A Barron & Holtzoff, Federal Practice and Procedure (Wright Ed., 1966 Sup.). As the Advisory Committee Note states, for the purpose of determining who must be or may be joined as additional parties to a crossclaim, the party pleading the claim (in this

case, Jurgensen and American) is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be.

First we look to the question of diverse citizenship. Assuming that Mc-Govney may be joined in this action, it is incumbent upon this Court to determine whether he should be joined as plaintiff or defendant. Regarding Jurgensen and American as plaintiffs for this purpose, it is clear that the interest of McGovney must be said to be contra that of Jurgensen. McGovney has a claim against Jurgensen for an amount due under its contract with Jurgensen, and Jurgensen does not deny this. Therefore, McGovney must be aligned as party-defendant. While McGovney has stated that we must align him as plaintiff, since his interest is different from that of Jurgensen, and then find a lack of diversity between McGovney and Jurgensen as plaintiff and defendant, this Court believes the correct procedure requires that McGovney be aligned as defendant, and that we must regard Jurgensen as plaintiff not only for purposes of alignment of parties, but also for the purpose of determining whether diversity exists. In either case, it is apparent that no diversity exists between Jurgensen and McGovney, and, therefore, this Court has no jurisdiction over McGovney in that respect.

However, as we have stated, this Court may still have jurisdiction over McGovney if he was joined pursuant to a compulsory counterclaim made by Jurgensen and American. This is ancillary jurisdiction. Advisory Committee Note to 1966 amendment of Rule 13(h), supra; 1 A Barron and Holtzoff, Federal Practice and Procedure, § 399 (Wright Ed., 1966 Sup.). Again, it is important to look to the purpose of Rule 13(h). It was intended to avoid the expense and time of a second suit, as well as the possibility that a second decision might be inconsistent with the first. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 37 (1963). It was intended to prevent the adjudication between the parties before the Court from adversely affecting the absent person, and to avoid leaving a party exposed to a later inconsistent recovery by the absent person. Advisory Committee Note to the 1966 Amendment of Rule 19 of the Federal Rules of Civil Procedure for the United States District Courts.

With this in mind, we look to Jurgensen and American's counterclaim. In the first part of the counterclaim, Jurgensen and American deny liability to Dunbar and further state that Dunbar is liable to them for the amounts they expended in removing the excess fill. A large portion of the expense in removing the excess fill was incurred by having McGovney remove it, and the counterclaim states that Dunbar is liable for this. The only other reference to McGovney in the counterclaim comes in Paragraph 12, where Jurgensen and American state that McGovney has a mechanic's lien against them in the amount of $145,-890.00, and further state that this claim is the responsibility of Dunbar, under that portion of the contract between Dunbar and Jurgensen which requires Dunbar to indemnify Jurgensen from all damage caused by errors of Dunbar.

A compulsory counterclaim is one which arises out of the same transaction or occurrence which is the basis of the complaint. If a defendant has such a claim, he must assert it in the form of a counterclaim or else the right of action thereon is foreclosed. New Britain Machine Co. v. Yeo, 358 F. 2d 397 (6 Cir., 1966). If a person is an indispensable party to a counterclaim which arose out of the transaction or occurrence that is the subject matter of the original claim, he should be deemed to be within the ancillary jurisdiction of the Court, or the Court will be unable to adjudicate the counterclaim. However, if a new party is not indispensable, the Court is not limited to either treating

him as within its ancillary jurisdiction or dismissing the counterclaim. It has a third choice: it can hear the counterclaim but not allow the new party to be brought into the action. The joinder of such a party may facilitate the settlement of a claim that arose out of the transaction that is the subject matter of the action, but the policy in favor of settling all such claims at one time does not always override the jurisdictional requirements of the federal courts. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27 (1963).

■■■■■ A plaintiff cannot join a nondiverse tortfeasor in an action against a tortfeasor who is of diverse citizenship. Should a defendant be allowed to assert a counterclaim against a person whom he could not have joined as a party to the action if he had sued as plaintiff? The Supreme Court has not authorized the bringing in of such a party. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L. Ed. 750 (1926). Thus, where a counterclaim is unrelated to the principal action (i. e., where the counterclaim does not arise out of the same transaction or occurrence which is the subject matter of the principal action), a new party must independently satisfy the federal question or diversity requirement. See United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2 Cir., 1955); Non-Ferrous Metals, Inc. v. Saramar Aluminum Co., 25 F.R.D. 102 (N. D.Ohio, 1960).

■■■■■ It is clear that the portion of the counterclaim denying liability to Dunbar, and claiming an amount due from Dunbar to Jurgensen is compulsory. But the portion of the counterclaim stating that the claim against Jurgensen by McGovney is the responsibility of Dunbar is not. This matter is clearly not a defense, for if the facts pleaded are true, Jurgensen is still primarily liable to McGovney and McGovney is not required to go against Dunbar in order to obtain satisfaction. Nor does this matter arise out of the same transaction which is the subject matter of Dunbar's action. The principal transaction is the contract between Dunbar and Jurgensen. The contract between McGovney and Jurgensen is an entirely separate and unrelated matter. The rights of the parties to the first contract are unaffected by the second contract, and vice versa. It is also obvious that if Jurgensen had failed to assert this "claim" against McGovney his right of action would not be foreclosed, because there is no right of action against McGovney. There is only a claim against Dunbar for indemnification for any claims or damage arising out of Dunbar's operations. This claim can be litigated without the presence of McGovney as a party-defendant, although McGovney may be necessary as a witness to testify to the amount expended by Jurgensen due to Dunbar's alleged breach.

This Court also finds that, under Rule 19, in the absence of McGovney, complete relief can be accorded among those who are already parties, and that McGovney claims no interest relating to the subject of the action so that the disposition of the action in his absence will not impede or impair his ability to protect that interest, and will not leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of McGovney's claim.

The only effect McGovney's claim has upon the principal action is that if Jurgensen prevails, McGovney's claim will be one of the elements of damage. In fact, McGovney has an action pending in the Court of Common Pleas of Hamilton County, Ohio. Rule 13(a) provides an exception if, at the time the action was commenced, the claim was the subject of another pending action, and states that in this case the pleader need not state the counterclaim. While this is not mandatory, this Court feels that the proper way to serve the purpose of Rule 13(h) in

affording speedy settlement of controversies is to deny the motion of Jurgensen and American, and to refuse to oust the state court of jurisdiction, and to allow McGovney to perfect his claim in the state court, and to testify as a witness on the matter of damages in this Court. Thus, we find that, as to McGovney, the claim of Jurgensen and American is not ancillary; that there is no diversity of citizenship between Jurgensen and McGovney; and, therefore, the motion to have McGovney made a party-defendant is denied.

For these same reasons, the motion to have McGovney made a party under Rule 13(h) as it existed before the 1966 amendment, *nunc pro tunc*, is also denied.