LEWIS H. ALLEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7637–78. Filed January 16, 1979.

Lewis H. Allen, pro se.
*Richard E. Trogolo*, for the respondent.

### OPINION

DAWSON, *Judge:* This case is presently before the Court on petitioner's motion filed October 10, 1978, to strike certain allegations of fraud from respondent's answer filed September 7, 1978, pursuant to Rule 52, Tax Court Rules of Practice and

Procedure. Respondent filed a notice of objection. Oral argument was held on December 4, 1978, at Indianapolis, Ind. Both parties have filed memorandums in support of their positions.

At issue is whether the allegations of fraud contained in respondent's answer constitute an insufficient claim or defnese, or contain any redundant, immaterial, impertinent, frivolous, or scandalous matter.

Petitioner apparently filed Federal income tax returns for the taxable years 1974 and 1975. In those returns he refused to provide any information concerning his income and claimed the Fifth Amendment privilege against self-incrimination. He also alleged various other constitutional rights and the lack of legal tender argument as justification for his refusal to answer the questions or provide data on his returns.

Respondent determined a deficiency for those years by use of the bank deposits method. In his notice of deficiency mailed April 7, 1978, respondent determined that part of the underpayments of tax in 1974 and 1975 were due to fraud. Petitioner denied such fraud in his petition filed on July 5, 1978, and in his reply filed October 10, 1978. In respondent's answer it is alleged that the underpayments of tax were due to fraud, and in support thereof alleged, inter alia, that petitioner: (1) Failed to keep adequate books and records; (2) failed to report substantial amounts of income; (3) failed to file Federal income tax returns for 1974 and 1975; (4) failed to pay any portion of his income tax liability; (5) refused to cooperate with agents of the respondent; (6) extensively used cash to conceal receipts; and (7) returned mail to the respondent with the notation "decease."

Petitioner asserts a variety of grounds in support of his motion to strike respondent's fraud allegations. First, he maintains that because of the claim of his Fifth Amendment privilege in his returns for 1974 and 1975 he is being "punished" by a frivolous assertion of fraud by respondent. Second, numerous factual allegations are made by petitioner in an effort to disprove any intent to willfully evade the payment of taxes and thus to demonstrate the insufficient nature of respondent's allegation of fraud. Finally, several constitutional assertions, not germane to this motion, are raised.

To the contrary, respondent contends that he has properly and clearly raised the fraud issue in his answer. In support of the allegations of fraud, respondent reiterates the grounds specified

in his answer. Respondent also challenges the petitioner's motion on two other grounds: (1) Lack of particularity required under Rule 50, Tax Court Rules of Practice and Procedure, and (2) timeliness of the motion.

We are satisfied that petitioner's motion was timely filed and we think the petitioner has also satisfied the requirements of Rule 50, Tax Court Rules of Practice and Procedure. Nonetheless, after careful consideration of the pleadings, the motion and the objection, the supporting memorandums, and the oral arguments made by respondent's counsel and petitioner, we are persuaded that petitioner's motion should be denied.

Rule 52, Tax Court Rules of Practice and Procedure, provides that this Court, upon timely motion of the parties or upon its own initiative, may strike from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. Rule 52 was derived from Rule 12(f), Federal Rules of Civil Procedure. Accordingly, the principles enunciated by the Federal courts in the interpretation and application of that provision are applicable here.

In general, motions to strike pleadings alleging redundant, immaterial, frivolous, or impertinent matter have not been favored by the Federal courts. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore, Federal Practice, par. 12.21[2], p. 2429 (2d ed. 1968); fn. ref. omitted. Respondent is permitted, pursuant to section 6653(b), I.R.C. 1954, to impose an addition to tax if any part of an underpayment of tax required to be shown on a return is due to fraud. In addition, if the taxpayer petitions this Court, our rules provide that the respondent must affirmatively plead fraud in his answer. Rule 39, Tax Court Rules of Practice and Procedure. Consequently, the assertion of an underpayment due to fraud in the answer is in no conceivable way immaterial, frivolous, impertinent, scandalous, or redundant.

To the extent that petitioner asserts that the fraud allegation is frivolous, he is merely testing the factual bases of such allegation, or, as Rule 52 puts it, the sufficiency of the claim or defense. Although the petitioner may genuinely believe that fraud is being alleged as "punishment" for his taking the "Fifth" on his income tax returns for 1974 and 1975, the respondent may nevertheless properly assert fraud in his

pleadings. In our judgment, there is no basis for a determination at this time that the allegation of fraud is insufficient either as a matter of law or of fact. It is still necessary, however, for respondent to prove by clear and convincing evidence that part of the petitioner's underpayment of tax was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. In this connection the petitioner may adduce at trial any relevant evidence that he believes would obviate the imposition of the addition to tax for fraud under section 6653(b). Obviously, the issue of his intent when he filed the returns for 1974 and 1975 will play a major role, at trial, in deciding whether or not the underpayment was due to fraud. But such issue of intent, along with the other indicia of fraud respondent must prove, is a question of fact that must be determined at trial.

Accordingly, we conclude that the petitioner's motion to strike the fraud allegations in respondent's answer should be denied.

*An order will be entered.*