ESTATE OF LUCRETIA DAVIS JEPHSON, DECEASED, DAVID S. PLUME, DERMOD IVES, AND THE CHASE MANHATTAN BANK, N.A., COEXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6563–83.     Filed December 28, 1983.

*John Y. Taggart*, for the petitioner.
*Jack H. Klinghoffer*, for the respondent.

## OPINION

SIMPSON, *Judge*: This matter is before us on the petitioner's motion to strike a portion of the Commissioner's answer pursuant to Rule 52, Tax Court Rules of Practice and Procedure.[1] The sole issue raised by the motion is whether such portion of the Commissioner's answer should be stricken as immaterial and frivolous matter. At the conclusion of the hearing on such motion, the Court took this matter under advisement.

The Commissioner determined a deficiency of $847,458.38 in the estate tax due from the Estate of Lucretia Davis Jephson. The petitioner timely filed a petition seeking a redetermination of its estate tax liability. The petitioner contends that the Commissioner erroneously computed the value of the stock of two personal holding companies, the R. B. Davis Investment Co. and the Davis Jephson Finance Co., in which the decedent owned all of the outstanding stock. The Commissioner valued the stock of the two personal holding companies by determining the value of the underlying assets, which were marketable securities, and ascribing the value of the underlying assets to the stock of the two personal holding companies. The petitioner argues that the Commissioner's "valuation method fails to provide a discount to reflect the fact that the value of the

---

[1]Any reference to a Rule is to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

assets of * * * [the two personal holding companies] would not be realizeable [sic] by Petitioner upon a sale of the corporation[s'] stock to an arm's-length purchaser." The Commissioner, in his answer, alleges that there is no justification for discounting the value of the underlying securities merely because they were owned by the personal holding companies which were owned by the decedent.

In addition, the Commissioner's answer contains the following sentence: "Further alleges that the petitioner's executors liquidated the personal holding companies to make distributions under the decedent's will, rather than distributing stock of R. B. Davis and Jephson-Finance." The petitioner moved to strike such sentence and contends that the Commissioner's allegation is immaterial and frivolous. The petitioner's position is based on the ground that, as a matter of law, events occurring after the valuation date may not be considered in determining the value of assets included in the gross estate. Thus, the petitioner argues that the subsequent liquidation of the two personal holding companies may not be considered in determining the value of the assets of the estate, the stock of the two personal holding companies, as of the date of death of the decedent. The Commissioner's position is that the valuation of the stock of the personal holding companies should be based on the fair market value of the underlying securities reduced by the cost of a nontaxable liquidation under section 337 of the Internal Revenue Code of 1954.[2] In support of his contention, the Commissioner asserts in that portion of his answer which is the subject of this motion that such a liquidation did in fact take place.

Under Rule 52, this Court, upon timely motion by a party or upon the Court's own initiative at any time, may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. Rule 52 was derived from Rule 12(f), Federal Rules of Civil Procedure (FRCP). Note to Tax Court Rule 52, 60 T.C. at 1093 (1973). Accordingly, the principles enunciated by the Federal courts in the interpretation and application of that

---

[2] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

provision of the FRCP will be considered by us in applying Rule 52. *Allen v. Commissioner*, 71 T.C. 577, 579 (1979).

Motions to strike under FRCP 12(f) have not been favored by the Federal courts. *Narragansett Tribe of Indians v. Southern Rhode Island Land Development Corp.*, 418 F. Supp. 798, 801 (D. R.I. 1976); *FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F. Supp. 418, 427 (S.D. N.Y. 1976); *Allen v. Commissioner*, 71 T.C. at 579. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore & J. Lucas, Moore's Federal Practice, par. 12.21[2], at 2429 (2d ed. 1983) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir. 1962); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953)). "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied." *Samuel Goldwyn, Inc. v. United Artists Corp.*, 35 F. Supp. 633, 637 (S.D. N.Y. 1940); *Loughrey v. Landon*, 381 F. Supp. 884, 888 (E.D. Pa. 1974); *W. E. Booton, Ltd. v. Scott & Williams, Inc.*, 45 F.R.D. 108, 109–110 (S.D. N.Y. 1968). If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977); *Augustus v. Board of Public Instruction, supra* at 868; *Dunbar & Sullivan Dredging Co. v. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D. Ohio 1967). In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party. *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168–1169 (5th Cir. 1979); *Federated Department Stores, Inc. v. Grinnell Corp.*, 287 F. Supp. 744, 747 (S.D. N.Y. 1968); *Tivoli Realty v. Paramount Pictures*, 80 F. Supp. 800, 803 (D. Del. 1948).

As a general proposition, the petitioner is correct in asserting that post-death events may not be considered in valuing estate assets. Secs. 2031 and 2032. However, the Commissioner is not arguing that the post-death liquidation itself should be considered in valuing the estate assets. Rather, his argument is that the *availability* of a section 337 liquidation on the valuation date should be considered in valuing the estate

assets. The fact that such a liquidation did subsequently take place, the Commissioner argues, supports his contention regarding its availability. Events subsequent to the valuation date may, in certain circumstances, be considered in determining value as of the valuation date. *Estate of Van Horne v. Commissioner*, 78 T.C. 728, 735 (1982), affd. 720 F.2d 1114 (9th Cir. 1983).[3]

We have previously explained how subsequent events may be utilized in determining value:

> Serious objection was urged by respondent to the admission in evidence of data as to events which occurred after March 1, 1913 [the valuation date]. It was urged that such facts were necessarily unknown on that date and hence could not be considered. It was apparent that there was a fear that the Board would in reaching its judgment be influenced toward a higher value if it were permitted to see the evidence of increasing value after the date in question. The evidence was nevertheless admitted. It is true that value on March 1, 1913, is not to be judged by subsequent events. There is, however, substantial importance in the reasonable expectations entertained on that date. Subsequent events may serve to establish both that the expectations were entertained and also that such expectations were reasonable and intelligent. Our consideration of them has been confined to this purpose. Such subsequent events as have no reasonable relation to the considerations of the date in question have been disregarded. We have not, by looking at the subsequent events now known, found what the value would have been had they been definitely known on March 1, 1913. The only facts upon which our judgment of value has been predicated are those reasonably known on that date. These included not only those which had completely occurred, but also those which were in process and those which were reasonably in contemplation. [*Couzens v. Commissioner*, 11 B.T.A. 1040, 1165 (1928).]

For such a limited purpose, subsequent events may be considered. Thus, in the present case, we find the Commissioner's assertion not to be immaterial or frivolous. We believe that the Commissioner's assertion provides some factual support for his position. The petitioner has cited no authority which would

---

[3]See *United States v. Simmons*, 346 F.2d 213, 218 (5th Cir. 1965), where the Fifth Circuit stated "Finally, although we do not accept the extreme position taken by the Government, that the amount of the compromise was necessarily the value of the claim at the time of death, that amount is certainly highly indicative of the fact that the claim had value at the time of Simmons's death," and *Estate of Smith v. Commissioner*, 57 T.C. 650, 659 n.8 (1972), affd. 510 F.2d 479 (2d Cir. 1975), where we observed, "Provided they are not too far removed from the critical date, sales before and after such date may be used to corroborate the ultimate determination of value." See also *Estate of Ballas v. Commissioner*, T. C. Memo. 1975–103.

conclusively support its contention that the section 337 liquidation can in no way support the Commissioner's position.

The ultimate question involved in this case is what was the value of the estate assets as of the decedent's death. We are not deciding at this time whether the subsequent section 337 liquidation does affect the valuation of the assets, but we have concluded that the Commissioner should have the opportunity to present that fact to the Court and let the Court decide upon the significance of such fact when it ultimately reaches its conclusion on the valuation of the assets. See generally *Obermer v. United States*, 238 F. Supp. 29, 34–36 (D. Hawaii 1964); *Bartram v. Graham*, 157 F. Supp. 757, 769–770 (D. Conn. 1957); *Goss v. Fitzpatrick*, 97 F. Supp. 765, 766–767 (D. Conn. 1951); *Estate of Heckscher v. Commissioner*, 63 T.C. 485, 490–498 (1975); *Estate of Cruikshank v. Commissioner*, 9 T.C. 162, 165 (1947); Rev. Rul. 59–60, 1959–1 C.B. 237, 243.[4] Such question is better left for determination on the merits. *Lunsford v. United States*, 570 F.2d at 229; *Augustus v. Board of Public Instruction*, 306 F.2d at 868; *Dunbar & Sullivan Dredging Co. v. Jurgensen Co.*, 44 F.R.D. at 472.

Moreover, we believe that the petitioner will not be materially prejudiced by a denial of the motion to strike. The petitioner argues that it is prejudiced because it will have to be prepared at trial to counter the Commissioner's assertion as to the impact on valuation of the availability of a section 337 liquidation. The petitioner contends that it may have to call the executors to testify at trial about the liquidation. However, when we weigh the petitioner's allegation of prejudice against the Commissioner's assertion that the fact of the subsequent liquidation should be considered, we conclude that there will be no undue prejudice to the petitioner. Accordingly, we will deny the petitioner's motion.

*An appropriate order will be issued.*

---

[4]See also *Estate of McTighe v. Commissioner*, T. C. Memo. 1977–410; *Estate of Cotchett v. Commissioner*, T. C. Memo. 1974–31; *Estate of Smith v. Commissioner*, a Memorandum Opinion of this Court dated Oct. 17, 1950.