BUREN S. REGISTER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Register v. Commissioner
Docket Nos. 5251-90, 5252-90
United States Tax Court
T.C. Memo 1990-576; 1990 Tax Ct. Memo LEXIS 647; 60 T.C.M. (CCH) 1200; T.C.M. (RIA) 90576; November 5, 1990, Filed *647 An appropriate order will be issued denying petitioner's motion. Brian F. D. Lavelle and Paul W. Horrell, for the petitioner. Frank McClanahan, III, for the respondent. SWIFT, Judge. GERBER
MEMORANDUM OPINION On December 21, 1989, respondent mailed a notice of deficiency to petitioner, which, in part, determined that petitioner was liable for an addition to tax for fraud under section 6653(b) [1] for the years 1977 and 1978. Petitioner, in a petition filed March 21, 1990, alleged that respondent erred with respect to the addition to tax, and respondent, in his answer filed May 21, 1990, affirmatively alleged that the addition to tax was due in both taxable years. In support of his determination that the addition to tax for fraud was due in both years, respondent *648 made certain factual allegations. By a motion filed June 18, 1990, petitioner seeks to strike certain of the allegations contained in respondent's answer as being "impertinent and immaterial." We must consider whether petitioner's grounds for striking are appropriate, and, if appropriate, which of respondent's allegations should be stricken. The allegations in question are as follows: (1) Respondent alleged that petitioner used two corporations he owned and controlled to divert funds for personal use while the corporation continued to take deductions for such amounts as business expenses. Petitioner contends these facts, if true, are immaterial because the corporations and their deductions are not before the Court. (2) Respondent alleged that petitioner failed to cooperate with the *649 agents during the examination of his 1977 and 1978 returns. Petitioner contends that this allegation is too vague. (3) Respondent alleged that petitioner was indicted and pled guilty to violation of section 7201 with respect to his 1979 taxable year. Petitioner contends that this allegation is immaterial and irrelevant because the years 1977 and 1978 are before the Court. Respondent, in a Notice of Objection filed July 9, 1990, contends that petitioner has not shown that the alleged activities have no possible relationship to the controversy. Petitioner submitted a written statement in lieu of appearance at the hearing scheduled at the trial session of this Court on September 10, 1990, at Winston-Salem, North Carolina. In that document, petitioner argued that the allegations concerning the corporate diversions were technically incorrect and may only be treated as dividends where respondent has shown a direct economic benefit to petitioner. Further, petitioner argued with respect to his alleged failure to cooperate with the examining agent, that petitioner was under criminal investigation at the time and that failure to cooperate is appropriate and should only be considered *650 as a "badge of fraud" where the failure occurred in a purely civil examination. Finally, petitioner argued that conviction under section 7201 for a later year (1979) is irrelevant because it involves subsequent conduct of petitioner. In addition, one of petitioner's attorneys appeared and presented further argument concerning the Motion to Strike. Rule 52 permits a party, within certain time limits, to move to strike "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." Rule 52 was derived from Rule 12(f), Federal Rules of Civil Procedure (FRCP) and the FRCP will be considered in applying Rule 52. See Note to Tax Court Rule 52, 60 T.C. at 1093 (1973); Estate of Jephson v. Commissioner , 81 T.C. 999, 1000-1001 (1983). In Estate of Jephson v. Commissioner, supra at 1001, we set forth various principles, along with citations (omitted here), to be followed in connection with motions to strike, as follows: Motions to strike under FRCP 12(f) have not been favored by the Federal courts. 'Matter *651 will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.' 'A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied.' If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party. [Citations omitted.]
As it relates to section 6653(b), the ultimate question we will have to decide is whether petitioner fraudulently underpaid his tax for 1977 and/or 1978. Petitioner's grounds for striking as to immateriality are premature as they relate to the alleged diversion of corporate funds or property and the failure to cooperate with respondent's agents. It is apparent from the arguments advanced by the parties regarding this motion that it is not clear at this point that these allegations "can have *652 no possible bearing upon the subject matter of the litigation." With respect to petitioner's contention that the conviction under section 7201 for 1979 is immaterial and irrelevant, we must give that matter closer scrutiny. Respondent's allegation regarding this aspect is as follows: Petitioner was indicted on November 26, 1985 and charged with two counts of violating I.R.C. [section] 7201 (for attempting to evade or defeat tax). He was convicted of violating I.R.C. [section] 7201 for 1979. He was sentenced on July 10, 1986 to five years probation and a $ 10,000.00 fine.
Respondent relied upon that allegation, in part, to support his affirmative allegation that "the deficiency in income taxes for the taxable years 1977 and 1978 are due in whole or in part to fraud, with intent on the part of the petitioner to evade tax * * *." Respondent is not seeking to estop petitioner from denying that he is liable for an addition to tax under section 6653(b). Respondent argues that the criminal tax fraud conviction for a year immediately following those under consideration in connection with civil tax fraud is both material *653 and relevant. Petitioner counters that "One subsequent act, however, can hardly establish a pattern of fraudulent conduct." Courts have considered criminal tax convictions regarding prior taxable years in connection with proof that was part of a prolonged course of conduct. See, for example, Armstrong v. United States, 173 Ct.Cl. 944, 354 F.2d 274, 290 (1965), where the court considered prior years' convictions in connection with their evaluation of a matter concerning collateral estoppel. Also, when the ultimate determination involves the question of fraud in a year not covered by a prior criminal conviction, the question of fraudulent intent for the year covered by the conviction can be commented upon and explained by a witness insofar as it involves a claimed fraudulent intent sought to be imputed to other years. See Wittenberg v. United States, 304 F. Supp. 744 (D. Minn. 1969).Additionally, in Wilson v. United States, 5 AFTR 2d 1653, 60-2 USTC par. 9500 (D. Minn. 1960), it was held that the conviction of a taxpayer for willfully attempting to evade his income for one year is evidence of intent or motive and like conduct *654 at or near the same time and, accordingly, is admissible to show motive or intent in prior and subsequent years. Therefore, evidence of a conviction for criminal tax fraud for a later taxable year may be relevant to the consideration of civil tax fraud. To reflect the foregoing, An appropriate order will be issued denying petitioner's motion.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the years under consideration. Unless otherwise specified, "Rule" references are to this Court's Rules of Practice and Procedure.↩