NAN R. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 20420-90
United States Tax Court
T.C. Memo 1991-521; 1991 Tax Ct. Memo LEXIS 570; 62 T.C.M. (CCH) 1042; T.C.M. (RIA) 91521; October 21, 1991, filed *570 P. Marshall Yoder and Lee A. Spinks, for the petitioner. James R. Rich, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). This case is before the Court on petitioner's Motion To Strike certain paragraphs or portions thereof from respondent's answer, which was scheduled for hearing at a trial session of this Court held at Winston-Salem, North Carolina, on February 11, 1991. Respondent filed a written objection and the parties argued their respective positions at the hearing. Petitioner requested and was granted permission to file a written response to respondent's objection, after which the Court took the matter under advisement. In a notice of deficiency dated June 13, 1990, respondent determined deficiencies in petitioner's 1982, 1983, and 1984, taxes in the respective amounts of $ 7,056, $ 9,004, and $ 8,509. Respondent also determined additions to tax against petitioner in the *571 1982-1984 taxable years for fraud pursuant to section 6653(b)(1) in the amounts of $ 3,528, $ 4,502, and $ 4,253, respectively, and under section 6653(b)(2) in the amounts of 50 percent due on the respective underpayments. The adjustments determined by respondent resulted from petitioner's failure to report income allegedly embezzled by her in 1982, 1983, and 1984, in the respective amounts of $ 20,912, $ 26,457 and $ 28,055. Petitioner was a resident of Rocky Mount, North Carolina, when she filed her petition with this Court. Petitioner contested respondent's determinations in her petition, claiming that she did not receive taxable income due to embezzlement in the years in issue and that she was not liable for fraud. In support of the allegation in his answer that all or part of the alleged underpayment was due to petitioner's fraud, respondent alleged the following: 7. FURTHER ANSWERING the petition, and in support of the determination that all or part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1982, 1983 and 1984 are due to fraud, the respondent alleges: (a) During the years 1982, 1983 and 1984, petitioner *572 was employed as a bookkeeper for the law firm of Pritchett, Cooke & Burch (hereinafter, "her employer"), Post Office Box 9, Windsor, North Carolina. Her duties consisted of making all bank deposits, compiling accounts receivable, crediting payments on customer accounts, handling office payroll, making federal tax deposits and calculating withholding taxes from employees' wages. (b) During the taxable year 1982, petitioner embezzled from her employer at least the sum of $ 20,912.00, which amount she failed to report on her 1982 income tax return. (c) During the taxable year 1983, petitioner embezzled from her employer at least the sum of $ 26,457.00, which amount she failed to report on her 1983 income tax return. (d) During the taxable year 1984, petitioner embezzled from her employer at least the sum of $ 28,055.00, which amount she failed to report on her 1984 income tax return. (e) The funds which petitioner embezzled from her employer in 1982 consisted of the proceeds of the following checks:
Check No.
Check Amount
(1) 11107
$ 3,333.00
(2) 10952
1,034.00
(3) 11079
4,431.00
(4) 10801
1,271.00
(5) 10964
1,583.33
(6) 10697
7,022.93
(7) 10503
1,525.00
(8) 10550
711.89
Total Embezzled
$ 20,912.15
*573 The checks listed in numbers (1) through (8) of subparagraph (e) of paragraph 7. above, were drawn on the Pritchett, Cooke & Burch trust account at First Union National Bank in Windsor, North Carolina. (f) The funds which petitioner embezzled from her employer in 1983 consisted of the proceeds of the following checks:
Check No.
Check Amount
(1) 11135
$ 3,833.34
(2) 123
3,597.38
(3) 119
6,647.80
(4) 11259
3,300.71
(5) 11271
1,010.00
(6) 10802
629.33
(7) 10899
997.50
(8) 11534
866.67
(9) 11286
4,186.84
(10) 10872
1,387.00
Total Embezzled
$ 26,456.57
The checks listed in numbers (1) and (4) through (10) of subparagraph (f) of paragraph 7. were drawn on the Pritchett, Cooke & Burch trust account at First Union National Bank in Windsor, North Carolina. The checks listed in numbers (2) and (3) of subparagraph (f) of paragraph 7. were drawn on an account at North State Savings & Loan, Windsor, North Carolina, which account was entitled "Pritchett, Cooke & Burch No. 3." (g) The funds which petitioner embezzled from her employer in 1984 consisted of the proceeds of the following checks:
Check No.
Check Amount
(1) 12347
$ 6,332.43
(2) 139
3,464.16
(3) 12424
3,463.90
(4) 12743
4,081.00
(5) 157
6,000.00
(6) 147
2,770.00
(7) 262268
1,943.50
Total Embezzled
$ 28,054.99
*574 The checks listed in numbers (1), (3) and (4) of subparagraph (g) of paragraph 7. were drawn on the Pritchett, Cooke & Burch trust account at First Union National Bank in Windsor, North Carolina. The checks listed in numbers (2), (5) and (6) of subparagraph (g) of paragraph 7. were drawn on the "Pritchett, Cooke & Burch No. 3" account at North State Savings & Loan, Windsor, North Carolina. The check in number (7) of subparagraph (g) of paragraph 7. above, was drawn on the bank account of Union Camp Corporation and payable to petitioner's employer. (h) On or about October 21, 1985, the Grand Jury for Superior Court of Bertie County, North Carolina, indicted petitioner on 22 counts of embezzling money from her employer. (i) The funds for which the Grand Jury indicted petitioner for embezzlement consisted of the proceeds of the checks listed in numbers (1) through (6) of subparagraph (e) of paragraph 7. herein, numbers (2) through (10) of subparagraph (f) of paragraph 7. herein, and numbers (1) through (7) of subparagraph (g) of paragraph 7. herein. (j) On or about January 29, 1986, petitioner, in a plea bargain, pleaded guilty to three counts of embezzling from her employer, *575 and the remaining counts were dismissed. Copies of indictments to which petitioner pleaded guilty are attached as Exhibits A, B and C, respectively. (k) As a result of pleading guilty to the charges set forth in subparagraph (j) above, the Superior court sentenced petitioner to imprisonment for eight years, of which six were suspended. The Superior Court placed petitioner on supervised probation for five years, and as a condition of probation, ordered petitioner to make restitution to her employer in the amount of $ 75,489.71. (l) The amount ($ 75,489.71) [1] for which the petitioner was ordered to make restitution is the total sum set forth in subparagraphs (e), (f) and (g) above. (m) Petitioner failed to report on her 1982, 1983 and 1984 income tax returns, the respective sums of $ 20,912.00, $ 26,457.00 and $ 28,055.00 which she embezzled from her employer *576 in said years. (n) Petitioner knew that the funds she embezzled were taxable income to her. (o) Petitioner's fraudulent omission of specific items of embezzled funds on her 1982, 1983 and 1984 income tax returns is a part of a three-year pattern of intent to evade taxes. (p) The petitioner understated her taxable income on her income tax returns for the taxable years 1982, 1983 and 1984, in the amounts of $ 20,832.00, $ 26,373.00 and $ 27,961.00, respectively. (q) The petitioner understated her income tax liabilities on her income tax returns for the taxable years 1982, 1983 and 1984 in the amounts of $ 7,056.00, $ 9,004.00 and $ 8,509.00, respectively. (r) The petitioner fraudulently, and with intent to evade tax, omitted from her income tax returns for the taxable years 1982, 1983 and 1984, embezzlement income in the amounts of $ 20,912.00, $ 26,457.00 and $ 28,055.00, respectively. (s) All were (sic) a part of each deficiency in income tax for the taxable years 1982, 1983 and 1984 is due to fraud with intent to evade tax.
Rule 52 authorizes the Court to strike "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." *577 Allen v. Commissioner, 71 T.C. 577, 579 (1979). Rule 52 was derived from Rule 12(f), Federal Rules of Civil Procedure (FRCP) and the FRCP will be considered in applying Rule 52. See Estate of Jephson v. Commissioner, 81 T.C. 999, 1000-1001 (1983). In Estate of Jephson v. Commissioner, supra at 1001, we stated the following with respect to motions to strike: Motions to strike under FRCP 12(f) have not been favored by the Federal courts. 'Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.' 'A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied.' If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party. [Citations *578 omitted.]
Petitioner has made a motion to strike from respondent's answer subparagraphs 7(h), 7(i), 7(k) and 7(l). Petitioner also moves to strike the portion of subparagraph 7(j) of respondent's answer which refers to dismissal of the 19 indictments as to which petitioner did not plead guilty because of the plea bargain disposition of the criminal case, i.e., the words "and the remaining counts were dismissed." Petitioner did not move to strike the portions of subparagraph 7(j) of respondent's answer which allege the three indictments (attached as exhibits), petitioner's plea bargain, and her guilty plea to three counts of embezzling from her employer. Petitioner seeks to have the above subparagraphs stricken on the ground that the subparagraphs are irrelevant and immaterial to the matters in controversy as well as being "highly prejudicial to petitioner as they refer to indictments in a criminal action which have been dismissed or refer to the sentence petitioner received after her plea of guilty to three counts of embezzlement." Respondent disagrees, arguing that all of the disputed paragraphs in his answer are material to the issue of whether petitioner embezzled her employer's *579 funds in all three of the years 1982, 1983, and 1984, and whether petitioner was liable for fraud in those years. It is well established that embezzled funds constitute taxable income. James v. United States, 366 U.S. 213, 6 L. Ed. 2d 246, 81 S. Ct. 1052 (1961). In appropriate cases, this Court has determined that the failure to report embezzled funds as income can result in fraud with intent to evade taxes. McGee v. Commissioner, 61 T.C. 249, 260 (1973), affd. 519 F.2d 1121 (5th Cir. 1975); Foster v. Commissioner, T.C. Memo 1989-276; Lodise v. Commissioner, T.C. Memo 1988-463. The burden of proving fraud is on respondent. Sec. 7454(a); Rule 142(b). Whether petitioner fraudulently underreported embezzlement income in the years 1982, 1983, and 1984, is the ultimate question we must decide in this case. We note that the Supreme Court has held that fraud may be inferred from a course of conduct. Spies v. United States, 317 U.S. 492, 499, 87 L. Ed. 418, 63 S. Ct. 364 (1943); see also Halpert v. Commissioner, T.C. Memo 1990-262. Respondent has alleged in his answer that petitioner embezzled certain checks *580 (which check numbers and amounts are specifically set forth) from her employer in 1982, 1983, and 1984. Respondent further alleges that as a result of petitioner's embezzlements, she was indicted on 22 counts of embezzling funds by a North Carolina court. Petitioner pled guilty to three of the embezzlement indictments. [2] The remaining nineteen indictments were dismissed by the North Carolina court as a result of a plea bargain, and petitioner was put on probation and required by the North Carolina court to repay the total funds embezzled from her employer. Respondent, in order to show a pattern of fraudulent intent by petitioner to evade additional income taxes in the 1982, 1983, and *581 1984 taxable years, has alleged facts relating to all embezzlements by petitioner from her employer for the years 1982-1984. Petitioner has not objected to respondent's independent allegations relating to the embezzlements (including the check numbers and embezzlement amounts) in any of the years 1982, 1983, and 1984, or respondent's allegation that petitioner's fraudulent omission of embezzled income is part of a 3-year pattern of intent to evade income taxes. See subparagraphs 7(b), (c), (d), (e), (f), (g), (o), (p), (q), (r). These facts tend to show a pattern of embezzlement activity for all three years in issue as do the allegations in the subparagraphs petitioner seeks to strike. The entire controversy in this case involves whether petitioner fraudulently underreported embezzlement income for three years, as to which petitioner was indicted on 22 counts by the North Carolina court. We hold that petitioner has not shown that respondent's allegations concerning petitioner's indictments on 22 counts of embezzlement during the years 1982, 1983, and 1984, the specific checks which supported the indictments, the dismissal of 19 of the counts due to the plea bargain, petitioner's *582 suspended sentence, and restitution required by petitioner, have "no possible relation" to the controversy in this case. Petitioner has cited no authority which would conclusively support her contention that the disputed factual allegations in the answer can in no way support respondent's allegations of fraud. Petitioner also contends that respondent's reference to the dismissed indictments are not only irrelevant and immaterial, but prejudicial to petitioner. Respondent disagrees and cites Register v. Commissions, T.C. Memo 1990-576. [3] In Register v. Commissioner, supra, fraud was in issue for the years 1977 and 1978. The taxpayer objected to allegations in respondent's answer to his conviction of violating section 7201 for the year 1979, his sentence to five years' probation, and a $ 10,000 fine. We held that evidence of a conviction for criminal tax fraud for a later taxable year may be relevant to the consideration of civil tax fraud for earlier years. Here, as in Register v. Commissioner, supra, respondent is not seeking to preclude petitioner from denying that she is liable for fraud under section 6653(b). *583 Petitioner has not shown any prejudice to her in the event we deny her motion to strike the disputed paragraphs in respondent's answer. See Armstrong v. United States, 173 Ct. Cl. 944, 354 F.2d 274 (1965), where the court considered criminal tax convictions in prior taxable years as evidence of a fraudulent course of conduct in later years. Petitioner's motion to strike will be denied. An appropriate order will be issued. Footnotes
1. The correct total of subparagraphs (e), (f), and (g) of paragraph 7 is $ 75,423.71 rather than $ 75,489.71. This discrepancy is not explained in the record.↩
2. The three embezzlement indictments as to which petitioner pled guilty referred to as exhibits in subparagraph 7(j) are for the year 1982. These indictments were based on embezzlement of three 1982 checks in the respective amounts of $ 7,022.93, $ 1,271.00, and $ 1,583.33, referred to in subparagraph 7(e) of respondent's answer.↩
3. Respondent also cited an unpublished memorandum sur order as authority. We will not consider such memorandum. See Brock v. Commissioner, 92 T.C. 1127, 1132↩ (1989).