YARBROUGH OLDSMOBILE CADILLAC, INC., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ELVIN P. YARBROUGH, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yarbrough Oldsmobile Cadillac
Docket Nos. 7174-92, 7175-92
United States Tax Court
T.C. Memo 1993-20; 1993 Tax Ct. Memo LEXIS 24; 65 T.C.M. (CCH) 1766; January 19, 1993, Filed *24 An order will be issued granting petitioner's motion for partial summary judgment in Docket No. 7174-92. An order will be issued denying petitioner's motion for partial summary judgment in Docket No. 7175-92. For Petitioners: James D. O'Donnell. For Respondent: John Donovan. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: These cases were heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] These cases are before the Court on petitioners' motions to strike certain allegations contained in respondent's answer in each docket. By notices of deficiency dated January 22, 1992, respondent determined that petitioners were liable for deficiencies and additions to tax as follows: *25 Yarbrough Oldsmobile Cadillac, Inc., Docket No. 7174-92
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1983
$ 33,649
$ 16,825
[1]
$ 8,412
1984
18,097
9,048
[1]
4,524
1985
34,118
17,059
[1]
8,529
Elvin P. Yarbrough, Docket No. 7175-92
Additions to Tax
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(b)(1)
1983
$ 165,498
($ 2,242)
$ 104,567
1984
164,324
(8,570)
148,555
1985
150,708
-- 75,354
1986
95,021
-- -- Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
6661
1983
[1]
--
--
$ 41,374
1984
[1]
--
--
41,081
1985
[1]
--
--
30,177
1986
--
$ 71,266
[1]
23,755
In her answer to the petition in docket No. 7175-92, respondent alleges that petitioner Elvin P. Yarbrough (hereinafter Yarbrough) should be estopped from denying fraud for the 1983 tax year because of Yarbrough's prior criminal conviction under sections 7201 and 7206(2). Further in her answer to the petition in docket No. 7174-92, respondent alleges that petitioner *26 Yarbrough Oldsmobile Cadillac, Inc. (hereinafter Yarbrough Oldsmobile), should be estopped from denying fraud for the 1983 tax year because of Yarbrough's prior criminal conviction under section 7206(2). Background
At the time the petitions were filed herein, Yarbrough Oldsmobile had its principal office in St. Augustine, Florida, and Yarbrough resided in St. Augustine, Florida. The parties do not dispute that Yarbrough was convicted under section 7201 with respect to his individual liability for the taxable year 1983 and that Yarbrough was also convicted under section 7206(2) with respect to the liability of Yarbrough Oldsmobile for its 1983 taxable year. The conviction on both charges was the result of an "Alford plea". [2]
The motions to strike present two issues: (1) In each docket, petitioners contend that the "Alford" plea *27 should be considered a plea of nolo contendere and that, therefore, collateral estoppel should not apply. [3] (2) In docket No. 7174-92, Yarbrough Oldsmobile also argues that respondent's allegations of collateral estoppel should be stricken with respect to the section 7206(2) conviction of Yarbrough because Yarbrough Oldsmobile was not a party to the criminal proceeding. Discussion
Rule 52 permits a party, within certain time limits, to move to strike "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." Rule 52 was derived from Rule 12(f), Federal Rules of Civil Procedure (FRCP) and the FRCP will be considered in applying Rule 52. Estate of Jephson v. Commissioner, 81 T.C. 999, 1000-1001 (1983); see Note to Tax Court Rule 52, 60 T.C. 1093. *28 In Estate of Jephson v. Commissioner, supra at 1001, we set forth various principles, along with citations (omitted here), to be followed in connection with motions to strike, as follows: Motions to strike under FRCP 12(f) have not been favored by the Federal courts. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied." If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party. [Citations omitted.]
We note that the issues raised by the parties involve disputed and substantial questions of law and, accordingly, a motion to strike would not appear to be the appropriate means of resolving *29 the questions. See, e.g., Estate of Jephson v. Commissioner, supra. However, because the parties have fully argued and briefed the merits of the disputed questions and further since the parties do not dispute the relevant facts herein, it is appropriate to consider the issues raised. Accordingly, we consider petitioners' motions to strike as motions for partial summary judgment under Rule 121. We first consider the issue of whether petitioners are collaterally estopped from denying fraud in this proceeding as the result of a prior criminal conviction based on an "Alford plea". In Lackey v. Commissioner, T.C. Memo. 1976-298, we held that a taxpayer was collaterally estopped from denying fraud in a subsequent civil proceeding after a prior conviction based on an "Alford plea". See also Blohm v. Commissioner, T.C. Memo. 1991-636. [4] As further pointed out by respondent, this Court has also determined that it will rarely look behind the circumstances of a guilty plea in applying the doctrine of collateral estoppel. Stone v. Commissioner, 56 T.C. 213, 221-223 (1971); *30 Votsis v. Commissioner, T.C. Memo. 1988-70; Hull v. Commissioner, T.C. Memo. 1982-577. In this case petitioner has not argued nor presented any evidence that the plea was entered involuntarily, that counsel was incompetent, that there was prosecutorial misconduct, or that there was any reason to possibly look behind the circumstances of the plea. It is clear that the Court of Appeals *31 for the Eleventh Circuit (the Court to which this case would be appealable) has determined that collateral estoppel applies equally to a conviction based on a guilty plea as to a conviction based on a trial on the merits. United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988); United States v. Satterfield, 743 F.2d 827, 838 (11th Cir. 1984). Thus, we find no support for petitioners' position on this issue, and petitioners' motions for partial summary judgment will be denied in this regard. We now consider Yarbrough Oldsmobile's motion insofar as it seeks to prohibit respondent from asserting collateral estoppel against it with respect to the conviction of Yarbrough under section 7206(2). We have considered this very issue previously and held that "a corporation is not collaterally estopped by the conviction of its president and principal stockholder for filing or causing the corporation to file false and fraudulent corporate returns". American Lithofold Corp. v. Commissioner, 55 T.C. 904, 924 (1971) (citing C.B.C. Super Markets, Inc., 54 T.C. 882, 894-896 (1970)). *32 Respondent cites Jaffe v. Grant, 793 F.2d 1182, 1188 (11th Cir. 1986), and Dudley v. Smith, 504 F.2d 979, 982-983 (5th Cir. 1974), in support of the proposition that the issue of privity between a corporation and its officers and shareholders constitutes a genuine issue of material fact so that summary judgment could not be rendered. However, in those cases, the corporation, and not the stockholder, was the party to the prior adjudication and, in the subsequent proceeding, collateral estoppel was asserted against the stockholder, and not the corporation. We have previously responded to this argument and stated that: We regard as inapposite cases holding that in some circumstances a stockholder may be bound by a prior adjudication in a suit brought by his corporation: The proposition that the corporation's acts may bind the stockholder * * * does not support the converse proposition. * * * [C.B.C. Super Markets, Inc., supra at 895, quoting American Range Lines, Inc. v. Commissioner, 200 F.2d 844, 845 (2nd Cir. 1952), remanding on another issue 17 T.C. 764 (1951).] *33 The controlling case law clearly holds that a corporation is not collaterally estopped by a prior adjudication involving a shareholder. The corporation is entitled to be heard on the question of whether any part of its underpayment was due to fraud. Thus, it is clear that, as a matter of law, respondent is not entitled to rely on the doctrine of collateral estoppel to prove fraud against petitioner Yarbrough Oldsmobile. To reflect the foregoing, An order will be issued granting petitioner's motion for partial summary judgment in Docket No. 7174-92. An order will be issued denying petitioner's motion for partial summary judgment in Docket No. 7175-92. Footnotes
1. All section references are to the Internal Revenue Code unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
1. 50 percent of the interest due on the deficiency.↩
1. 50 percent of the interest due on the deficiency.↩
2. An "Alford plea" is a guilty plea entered by a defendant who nevertheless claims to be innocent. See North Carolina v. Alford, 400 U.S. 25↩ (1970).
3. Fed. R. Crim. P. 11(e)(6), and Fed. R. Evid. 410↩, provide that evidence of a plea of nolo contendere is not admissible in any civil or criminal proceeding.
4. In Blohm v. Commissioner, T.C. Memo. 1991-636↩, the taxpayer did not argue that an "Alford plea" per se prevents the use of collateral estoppel by the Commissioner. Rather, the taxpayer argued that the "Alford plea" was obtained through the Government's misconduct and therefore collateral estoppel could not be invoked. This Court determined that the taxpayer's guilty plea was not obtained through misconduct and that the valid "Alford plea" entitled the Commissioner to invoke the doctrine of collateral estoppel in the subsequent proceeding.