## WATTS ELECTRIC & MANUFACTURING CO. v. UNITED–CARR FASTENER CORPORATION.

No. 182.

District Court, D. Massachusetts.

April 24, 1939.

George P. Dike, Cedric W. Porter, George P. Towle, Jr., Dike, Calver & Gray, all of Boston, Mass., and Langdon Moore, of Chicago, Ill., for plaintiff.

L. G. Miller and Emery, Booth, Townsend, Miller & Weidner, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

The following statement may be taken, transcribed and filed with the papers in the case:

The complaint avers the existence of an actual controversy between the plaintiff and the defendant. A judgment declaring that the plaintiff's products infringe no valid claims of the defendant's patent is sought.

It is stated that the actual controversy "is solely a question of whether or not the lamp sockets made and sold and offered for sale by the petitioner (plaintiff) infringe" the defendant's patent and whether the patent is valid. According to the complaint, the defendant has notified the plaintiff that certain lamp sockets sold by the latter infringe the defendant's patent, though allegedly the plaintiff's lamp sockets infringe no valid claims of the defendant's patent. There follow allegations not necessary here to recite. Then ensue paragraphs 9 to 14, inclusive, reading as follows:

"9. Respondent did follow up the written notice of infringement dated October 19, 1938, 'Petitioner's Exhibit B', by send-

ing a representative to call on the petitioner who did threaten, coerce and intimidate the petitioner to purchase the lamp sockets it furnished the Ford Motor Company from respondent, as shown by the letters signed by C. L. Hall as representative of the respondent, dated December 15, 1938; December 22, 1938; and January 19, 1939, respectively, copies of which are attached hereto as 'Petitioner's Exhibits D, E and F', respectively, and made a part hereof.

"10. Respondent did attempt surreptiously (sic) and under threat of legal action to obtain an assignment to respondent of an application for patent upon petitioner's lamp sockets and to get possession for the respondent of petitioner's tools for making petitioner's device, as shown by 'Petitioner's Exhibits D, E and F'.

"11. Respondent did attempt to force, coerce and intimidate petitioner to give up to respondent its tools for making petitioner's lamp sockets, to assign an application for patent upon petitioner's lamp sockets to respondent, and to agree to pay respondent for making petitioner's lamp sockets with the tools furnished by the petitioner and sell such petitioner's lamp sockets so made and purchased from respondent only to the Ford Motor Company and to no other purchaser.

"12. Respondent, through its representative, did continue to harass, intimidate and coerce petitioner under threats made verbally and over the telephone and by respondent's letter signed by C. L. Hall and dated January 19, 1939, 'Petitioner's Exhibit F'.

"13. Respondent, through its representative, C. L. Hall, did personally present an agreement, executed by United-Carr Fastener Corporation, to petitioner on March 6, 1939, to be executed by petitioner, whereby the acts of the respondent contained in paragraphs 10 and 11 hereinbefore set forth would be consummated. A photostatic copy of the above agreement is attached hereto as 'Petitioner's Exhibit G' and made a part hereof.

"14. Profert is hereby made of the original letters signed by C. L. Hall, 'Petitioner's Exhibits B, D, E and F', and profert is also made of the original contract, 'Petitioner's Exhibit G', with the Exhibit A referred to therein as annexed thereto."

It is unnecessary here to describe Exhibits D, E, F and G to any greater extent than they are described in the portions of the complaint above quoted.

The defendant moves to strike paragraphs 9 to 13, inclusive, and the Exhibits lettered D, E, F and G.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide that each averment of a pleading shall be simple, concise and direct, and that the court may, upon motion, order any redundant, immaterial, impertinent or scandalous matter stricken from any pleading. See Rules 8(e) and 12(f). It seems to me that the paragraphs of the complaint and the exhibits which the defendant moves to strike are redundant. The thing which the plaintiff seeks is a declaratory judgment to the effect that it does not infringe any valid claim in the defendant's patent, and any unsuccessful attempts to intimidate the plaintiff or any attempt surreptitiously and under threat of legal action to obtain an assignment of any application for a patent upon the plaintiff's lamp socket and similar allegations add nothing to the requisite concise statement of the plaintiff's claim.

The defendant's motion to strike these portions of the complaint is granted.

For like reasons the defendant's objections to Interrogatories 11 through 25 are sustained, without prejudice, however, to the admissibility of some of the evidence for which these interrogatories call in the event that the trial should so shape itself that such evidence might then seem helpful to the court.

The conclusion is that the motion to strike is granted and the objections to Interrogatories 11 through 25 are sustained.