### VIKI HOSIERY CORPORATION
#### v.
### Samuel MARGULIES, individually and d.b.a. Best Wear Hosiery Co., and Mar-Rene Hosiery Mills, Inc., and New Toe Hosiery Manufacturing Co.
#### Civ. A. No. 24442.

United States District Court
E. D. Pennsylvania.
Aug. 28, 1958.

Louis Necho, Philadelphia, Pa., for plaintiff.

Robert B. Frailey, Paul & Paul, Philadelphia, Pa., for defendants, Manfred Landau, Abrahams & Loewenstein, Philadelphia, Pa., of counsel.

EGAN, District Judge.

Defendants move to strike paragraphs 6, 7, 12 to 18 and prayers B and C, averred as to the first cause of action in the complaint, and move to strike, or in the alternative, to dismiss the fourth cause of action.

Plaintiff, on May 1, 1956, entered into a non-exclusive license agreement under the patent in suit, with the defendants permitting plaintiff to manufacture women's stockings of a certain design, in return for royalties. The agreement provides for a term of three years from its date with provisions for renewal by the licensee at his option.

Plaintiff, seeking to avoid liability on the licensing contract, has instituted this suit on the ground that its product does not infringe the patent in question. In its complaint, plaintiff has set forth four causes of action, in which it seeks:

1. A declaratory judgment under 28 U.S.C.A. §§ 2201 and 2202 and 28 U.S.C.A. § 1338, for an adjudication as to the scope and validity of the patent in question.

2. Recovery of past royalties paid, plus interest, on the ground of unjust enrichment.

3. Inter alia, an injunction which would enjoin the defendants from harassing plaintiff or plaintiff's customers, along with a prayer for punitive damages.

4. An order directing defendants to remove to this Court an action filed in the State court against plaintiff for royalties.

■ As a general rule, Courts are hesitant in granting motions to strike, unless it is clear that the allegations can have no possible bearing on the subject matter of the litigation. 2 Moore, Federal Practice, § 12.21(2), p. 2317.

■■ Paragraphs 6, 7, 12, 13, 14 and 18 and prayer C of the first cause of action add nothing to the concise statement of claim for declaratory judgment. In Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp. of America, 3 Cir., 257 F.2d 485, the Court of Appeals stated that a justiciable controversy under the Declaratory Judgment Act exists if the plaintiff has notice that the defendant asserts that there is or will be an infringement. It is our opinion that the allegations in question, not being necessary to show a justiciable controversy, should be stricken as being superfluous. Watts Electric & Manufacturing Co. v. United-Carr Fastener Corp., D.C.Mass.1939, 27 F.Supp. 277, cited approvingly in 2 Moore, Federal Practice, § 12.21(1), p. 2315. However, it is noted by the Court that paragraphs 6 and 7 are adopted by reference in the last three causes of action. We feel that they are perhaps germane to the third

cause of action and therefore, herein, grant leave to plaintiff to amend its complaint so as to include these paragraphs in that cause. As far as this motion is concerned, however, paragraphs 6, 7, 12, 13, 14, 18 and prayer C will be stricken.

Paragraphs 15, 16, 17 and prayer B seek to attack the validity of the patent in suit. Plaintiff contends that it has terminated the license agreement and therefore does not come within the general rule prohibiting a licensee from attacking the validity of the patent. There is nothing in the license agreement which permits plaintiff, as a party thereto, to terminate it short of the expiration of the initial term. However, plaintiff urges that it has repudiated the agreement prior to suit and therefore is now free to attack the validity of the patent, even though theoretically the license is still in effect.

The Court is cognizant of the general rule that estops a licensee from denying the validity of the patent. 69 C.J.S. Patents § 160. Apparently, however, and logically so, this prohibition exists only where the licensee is being sued for royalties and attempts to assert the invalidity as a defense. In the instant case, these allegations appear in the *complaint*, and are not asserted by way of defense.

▮ We are of the opinion that where a licensee has operated under an existing licensing arrangement, he should not be permitted to set up the invalidity of the patent as a *defense* when sued for royalties. However, where a licensee *completely* repudiates the license, prior to a suit for royalties or infringement, it is our opinion that he is not necessarily estopped from attacking the patent itself. Bucky v. Sebo, 2 Cir., 1953, 208

F.2d 304; cf. Elgin National Watch Co. v. Bulova Watch Co., 281 App.Div. 219, 118 N.Y.S.2d 197; Crew v. Flanagan, 242 Minn. 549, 65 N.W.2d 878; Ellis, Patent Assignments & Licenses, § 811 (2d Ed.).[1]

Whether or not there was a complete repudiation of the licensing agreement in the instant case appears to be a question of fact to be established at the time of trial. So too, whether or not this alleged repudiation is affected by the institution of the suit in the State court by the licensor for royalties, cannot be passed upon without the production of evidence showing whether or not the repudiation of the license came prior to the suit for royalties, or was merely pleaded so as to defeat the action in the State court. It well may be that the alleged repudiation does not come within the scope of the Bucky, Elgin and Crew cases. For this reason, we will deny the motion to strike, granting leave to renew said motion at time of trial, should it then appear proper.

The Court has been advised that the action initiated in the State court has now been removed here and is lis pendens.[2] The allegations in the fourth cause of action have therefore now become moot. Plaintiff's reluctance to voluntarily withdraw paragraphs 28 to 33 and prayers N, O and P is based upon its contention that these paragraphs are "uncomfortable" to defendants, and that their presence might pave the way for the allowance of attorneys' fees. We feel that these are insufficient reasons. To permit the doors of litigation and extended proof to remain open in this situation would work an unnecessary hardship on the defendants. The motion to strike these paragraphs will accordingly be granted.

---

1. See also, Cold Metal Process Co. v. McLouth Steel Corp., 6 Cir., 1948, 170 F.2d 369, 379, where the Court recognized the *possibility* of an attack on the validity of the patent, if the licensee had "openly repudiated" the applicability of the patent in suit.

2. However, our examination of the docket entries reveal that the case has not been so removed. A petition for removal has been filed but no further action has been taken to complete it.