**BOWERS MANUFACTURING CO., Inc., a Corporation, Appellant,**

v.

**ALL–STEEL EQUIPMENT, INC., a Corporation, Appellee.**

No. 16527.

United States Court of Appeals Ninth Circuit.

Jan. 29, 1960.

810

Huebner & Worrel, George H. Halbert, Herbert A. Huebner, Harlan P. Huebner, Los Angeles, Cal., for appellant.

Harris, Kiech, Russell & Kern, Ford Harris, Jr., Donald C. Russell, Walton Eugene Tinsley, Los Angeles, Cal., Mann, Brown & McWilliams, Chicago, Ill., for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

BARNES, Circuit Judge.

This is an action for specific enforcement of a patent license agreement. Summary judgment was granted to plaintiff All-Steel, and from this judgment Bowers presses this appeal. The district court had jurisdiction of this action. 28 U.S.C. § 1332. This Court has jurisdiction on appeal. 28 U.S.C. § 1291.

As of January 1, 1955, appellee entered into a nonexclusive license agreement with appellant, under which appellant was licensed to make, use and sell certain devices under the Keierleber Patent; was required to render certain financial statements; and pay periodic royalties to appellee. This agreement was the culmination of an amicable exchange of letters in which the subject of possible infringement was discussed.

On December 14, 1956, appellant decided that the patent was invalid, purported to rescind the agreement, and demanded the return of money previously paid as royalties. No further payment of royalties was made. Thereafter, appellee filed a complaint for specific performance. Appellant answered, (1) denying that the license agreement still existed; (2) alleging consideration had failed under the license agreement; (3) alleging the license agreement had been rescinded; and (4) alleging estoppel and laches. Appellant further counterclaimed for restoration of royalties paid, and for declaratory relief. Appellee's motion to strike all the defenses and counterclaims was granted. Appellant appealed from this order, but the appeal was dismissed as being from an unappealable order. After remand, a summary judgment was granted on the pleadings plus some interrogatories which established the amount of royalties due under the license. The judgment provided for payment of royalties accrued, and contained a mandatory injunction ordering future rendition of financial reports and payment of royalties.

It was stipulated by the parties (and the stipulation approved by this Court) that the same briefs filed in the dismissed appeal be used on this appeal. The question presented on this appeal is the legal sufficiency of the defenses and counterclaims ordered stricken by the trial court. In other words, can a licensee of a nonexclusive license attack the validity of his licensor's patent?

We note first that the purported rescission of the license by Bowers was unequivocal in nature.[1]

"One of the oldest doctrines of the patent law,"[2] the general rule, is well es-

---

[1]. "We hereby rescind, denounce, and abandon said license agreement, on the ground that said patent is and always has been invalid, and therefore, is and always has been, void as consideration to support said agreement. We now regard ourselves as strangers to said patent, not shielded by said agreement from a suit for patent infringement.

"We call upon you to restore to us the monies heretofore paid under said agreement, and hereby offer to stand as strangers to said patent, continuously from the beginning of said license, nunc pro tunc."

[2]. MacGregor v. Westinghouse Electric & Mfg. Co., 1947, 329 U.S. 402, 408, 67 S.Ct. 421, 424, 91 L.Ed. 380 (dissenting opinion).

tablished that a licensee cannot attack the validity of his licensor's patent. United States v. Harvey Steel Co., 1905, 196 U.S. 310, 25 S.Ct. 240, 49 L.Ed. 492; Kinsman v. Parkhurst, 1855, 18 How. 289, 59 U.S. 289, 15 L.Ed. 385. It is contended that this is even more true with a nonexclusive license, as in the instant case, than in the case of an exclusive license. A reading of the cases shows most courts seem to be indifferent as to the nature of the license involved. Whether it is exclusive or nonexclusive is usually ascertained by some chance remark of the court. Cases dealing with both types of licenses are cited indiscriminately. But logic would indicate that a different treatment is justified. The two types of agreements differ basically because the consideration inducing them differs in each. In an exclusive license the monopoly values of the patent loom large. The license is in effect a grant of the patent. But a nonexclusive license cannot eliminate competition. It constitutes little more than a shield from suit for infringement by the grantor. Thus questionable validity of the patent cannot constitute a failure of consideration.

Appellant contends that there is, or should be, an exception to the general rule when the nonexclusive licensee unilaterally and unequivocally rescinds the license *prior* to the action for specific performance of the license. Its reasoning is that since the license has been rescinded and is no longer in existence, the licensee is no longer precluded from attacking the validity of the patent. Appellant therefore contends that an issue of fact must be tried, *i. e.*, a determination of the effectiveness of the purported rescission. Since the rescission is based on failure of consideration by reason of the invalidity of the patent, the validity of the patent becomes an issue in the lawsuit.

It is undisputed that a nonexclusive licensee cannot attack the validity of the licensor's patent for the first time during the lawsuit for royalties, unless illegal price fixing provisions are inseverable from the royalty clauses. Automatic Radio Mfg. Co. v. Hazeltine Research, 1950, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312; Katzinger Co. v. Chicago Metallic Mfg. Co., 1947, 329 U.S. 394, 67 S.Ct. 416, 91 L.Ed. 374; MacGregor v. Westinghouse Electric & Mfg. Co., 1947, 329 U.S. 402, 67 S.Ct. 421, 91 L.Ed. 380; United States v. Harvey Steel Co., supra.

Nor can advance repudiation on the basis of nonuser be effective to end the license. St. Paul Plow-Works v. Starling, 1891, 140 U.S. 184, 11 S.Ct. 803, 35 L.Ed. 404; Heath v. A. B. Dick Co., 7 Cir., 1958, 253 F.2d 30. Even when government regulations require cessation of use, an advance repudiation is ineffective. Ohio Citizens Trust Co. v. Air-Way Electric Appliance Corp., D.C.N.D.Ohio 1944, 56 F.Supp. 1010.

It seems to be conceded by appellee that advance repudiation of an *exclusive* license for invalidity will allow the licensee to attack the validity of the patent at the suit for royalties. Martin v. New Trinidad Lake Asphalt Co., D.C.D. N.J.1919, 255 F. 93; Crew v. Flanagan, 1954, 242 Minn. 549, 65 N.W.2d 878. And appellant urges that the same rule should apply where there has been an attempted rescission for failure of consideration by reason of invalidity of the patent by a nonexclusive licensee *prior to the suit for royalties.* He relies on two district court cases: Viki Hosiery Corp. v. Margulies, D.C.E.D.Pa.1958, 164 F.Supp. 738,[3] and Universal Rim Co. v. Scott, D.C.N.D.Ohio, 1922, 21 F.2d 346.[4]

Despite the holdings of these cases, there remains the question, should repudiation prior to suit be such a significant difference that it allows a licensee in effect to attack the validity of his licen-

---

3. This is a pleading case, and does not go into the substantive law.

4. In the Universal Rim case, the rights of the parties were complicated by the intervention of a receivership, and his rights with respect to an executory contract.

sor's patent contrary to the general rule? It is difficult to see why a procedural technicality such as this should create substantive rights in a licensee.

In many cases, part of the consideration for entering a license agreement is the dismissal with prejudice of a pending infringement suit, or the failure to file such a proposed suit. Were either such the case, it seems clear that invalidity of the patent could not constitute failure of consideration for a nonexclusive license. It is true that here there was not even the threat of an infringement action, and it would seem that consideration is more closely connected with the validity of the patent. However, this raises an issue of adequacy, rather than failure of consideration.

> "Once a contract is supported by consideration, its terms are up to the parties. Whether the consideration is adequate or not is no concern of the court. Restatement of Contracts, § 81. The parties are free to fix their own terms, and they have done so here."

Warner-Lambert Pharmaceutical Co., Inc. v. John J. Reynolds, Inc., D.C.S.D. N.Y.1959, 178 F.Supp. 655.

Appellant makes a separate argument based on § 1689 of the California Civil Code which provides for rescission for failure of consideration.[5] This begs the overriding question of whether invalidity of the patent is in fact failure of consideration. The California Civil Code section provides a vehicle for rescission, but not an additional substantive basis therefor. Appellee argues that appellant has at most made a mistake of law regarding the validity of the patent, and that rescission is never available for mere mistake of law.

General policy considerations favoring settlement of disputes and litigation by means of such nonexclusive licenses should not allow a licensee to attack the validity of a licensor's patent by means of a device such as prior rescission, anymore than by direct attack through a suit for royalties. The licensee has bought temporary peace by agreeing to the license, and should be required to abide by his bargain. The agreement itself provides sufficient means of termination. Appellant may cancel if: (a) the Keierleber Patent is held invalid by a court of competent jurisdiction; (b) appellant completely discontinues manufacture and sale of boxes covered by the patent. These conditions would allow cancellation if the license became unduly oppressive to appellant. Since neither of these events has occurred, appellant should be held to its contract and estopped to deny the validity of the licensor's patent under a nonexclusive license agreement. Muth v. J. W. Speaker Corp., 7 Cir., 1959, 262 F.2d 797; Heath v. A. B. Dick Co., supra; Automatic Radio Mfg. Co. v. Hazeltine Research, 1 Cir., 1949, 176 F.2d 799, affirmed 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312;* Ellis: Patent Licenses, 3rd ed., 1958, Ch. XXVI.

■ At the time of oral argument in this case we suggested that counsel furnish additional briefs on appellant's right, as a licensee, to attack the validity of its licensor's patent by means of a suit for declaratory relief.

---

5. California Civil Code § 1689 provides: "A party to a contract may rescind the same in the following cases only:
"1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;
"2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part;
"3. If such consideration becomes entirely void from any cause;
"4. If such consideration, before it is rendered to him, fails in a material respect, from any cause;
"5. By consent of all the other parties; or
"6. Under the circumstances provided for in sections 1785 and 1789 of this code. (Enacted 1872. As amended Stats. 1931, c. 1070, p. 2260, § 10.)"

* overruled

Any standing which appellant might have to pray for declaratory relief must be founded in the license, and the infringement controversy which that license settled. We have held *supra* that appellant may not seek to avoid its contractual responsibilities by rescission prior to the institution of the action for royalties. The same reasons apply with equal force to any attempt to do so by means of declaratory judgment. Appellant has no more right to attack its licensor's patent in a declaratory action than by rescission, or in defense of a suit for royalties.

The judgment is affirmed.