**W. E. BOOTON, LTD., Plaintiff,**

v.

**SCOTT & WILLIAMS, INC., Defendant.**

**No. 67 Civ. 3688.**

United States District Court
S. D. New York.

April 19, 1968.

Bader & Bader, New York City, for plaintiff.

Curtis, Morris & Safford, New York City, for defendant; William C. Conner, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

Defendant moves for an order, pursuant to Rule 12(e) and (f), F.R.Civ.P., that plaintiff file a more definite statement of its complaint and that designated allegations of plaintiff's complaint be stricken as immaterial.

The motion under Rule 12(e) is granted to the extent that plaintiff is ordered to specify in paragraph 5 of the second cause of action in what ways "defendant has misused the Letters Patent involved in this action." Plaintiff should specify the facts constituting any claimed misuse by defendant of the patents involved in this action and should identify the specific provisions of the anti-trust laws of the United States alleged to have been violated thereby.

As to the remaining portions of the complaint to which defendant directs its motion for a more definite statement, we find that the complaint here is open to the criticism of imprecision, not to the extent, however, as to prevent response. Thus, while there is some merit in the defendant's contentions as to the vagueness of portions of the complaint, defendant has been given adequate notice of the claim involved. The complaint is not so ambiguous as to prejudice defendant in attempting to answer it. In addition, details of the claim are readily obtainable by interrogatories or depositions. See Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957); Colton v. Wonder Drug Corp., 21 F.R.D. 235 (S.D.N.Y.1957); MacDonald v. Astor, 21 F.R.D. 159 (S.D.N.Y. 1957).

The motion under Rule 12(f) is granted to the extent that paragraph 16 of the first cause of action is ordered stricken in its entirety. Inasmuch as paragraph 16 is incorporated by reference in the second cause of action, it is similarly ordered stricken. We so hold in view of the fact that the allegations in paragraph 16 are immaterial to the maintenance of the two causes of action and the language used is palpably unnecessary and prejudicial. See Viki Hosiery Corp. v. Margulies, 164 F.Supp. 738 (E. D.Pa.1958); Watts Elec. & Mfg. Co. v. United-Carr Fastener Corp., 27 F.Supp. 277 (D.Mass.1939); 2A J. Moore Federal Practice ¶12.21 [1] at 2315 (2d ed. 1967). See also United States v. Gen. Motors Corp., 2 F.R.D. 346 (N.D.Ill. 1942). In view of our disposition as to paragraph 16, we additionally order paragraph 17 stricken from both causes of action.

As to the portions of the complaint dealing with foreign patents, defendant's motion to strike is denied without prejudice to its renewal before the trial judge. The courts in this circuit have shown a great reluctance to grant motions to strike unless clearly warranted. In United Artists Associated, Inc. v. NWL Corp., 198 F.Supp. 953, 959 (S.D. N.Y.1961), the court said:

"The motion to strike under Rule 12, F.R.Civ.P. 'is not intended to furnish an opportunity for the determination of disputed and substantial questions of law.' 1A Barron & Holtzoff, Federal Practice and Procedure, section 369 at 508 (Rules ed. 1960) * * *."

In view of the dispute surrounding the legal question as to whether

a United States district court has jurisdiction to determine issues concerning the validity and infringement of foreign patents, see Ortman v. Stanray Corp., 371 F.2d 154, 156 (7th Cir. 1967) (compare concurring opinion) ; Velsicol Chem. Corp. v. Hooker Chem. Corp., 230 F. Supp. 998, 1016 n. 4 (N.D.Ill.1964), we heed the observation of Judge Weinfeld in Lopez v. Resort Airlines, 18 F.R.D. 37, 41 (S.D.N.Y.1955) that:

> "So important and disputed a question of law should not be decided on a motion to strike under Rule 12(f). 'Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. * * * Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike.' (citation omitted)."

Furthermore, it is clear that:

> "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party." 2A J. Moore, Federal Practice ¶ 12.21[2] at 2317–18 (2d ed. 1967).

See, e. g., Atlantic City Elec. Co. v. Gen. Elec. Co., 207 F.Supp. 620, 623 (S.D. N.Y.), aff'd, 312 F.2d 236 (2d Cir. 1962). Applying this test, we deny defendant's motion to strike, except as to paragraphs 16 and 17.[1] We repeat, however, that defendant may renew before the trial judge so much of its motion under Rule

12(f) dealing with references to foreign patents.

Within 15 days from the entry of this order, plaintiff shall file an amended complaint embodying the specifications and revisions herein ordered. In addition, in its amended complaint, we suggest greater care be taken by plaintiff to assure that its papers are accurate (we count at least five instances in the complaint where the words "plaintiff" and "defendant" are incorrectly interchanged).

So ordered.

---

[1]. Although we recognize that defendant has not moved to strike paragraph 17, we act pursuant to Rule 12(f), which permits the court to strike matter from the pleadings on its own initiative.