RUSSELL E. LOGAN AND ELLEN LOGAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14386-85.          Filed June 18, 1986.

*Joseph W. Weigel,* for the petitioners.
*Joan R. Domike* and *James M. Klein,* for the respondent.

OPINION

STERRETT, *Chief Judge*: Respondent's motion to strike was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration, and ruling thereon pursuant to section 7456(d) and Rules 180 and 181.[1] After a review of the record, we agree with and adopt his opinion which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's Motion to Strike As to Windfall Profit Tax Credit Under the Provisions of IRC 6429,[2] filed on August 26, 1985. Petitioners filed a response to respondent's motion on September 18, 1985, and a reply was filed by respondent on October 30, 1985. A hearing on respondent's motion was held at Washington, D.C., on December 4, 1985, at which time respondent's counsel appeared and presented argument. No appearance was made by or on behalf of petitioners or their counsel; however, a statement in lieu of appearance pursuant to Rule 50(c) was filed on December 2, 1985. At the conclusion of the hearing, the Court took respondent's motion under advisement.

On February 28, 1985, respondent issued the notice of deficiency to petitioners upon which this case is based. In his notice, respondent determined a deficiency in petitioners' Federal income taxes for the taxable year ended December 31, 1981, in the amount of $79,950, and additions to the tax under section 6653(a)(1) and (2) of $3,998 plus 50 percent of the interest due on $79,950, respectively. The deficiency adjustments are attributable to petitioners' failure to report the income and expenses of the Russell E. Logan Equity Pure Trust on their joint return.

The income adjustments in the deficiency notice included an increase in petitioners' "Rents and Royalties" of $90,802. In determining this adjustment, respondent allowed against gross royalty income deductions of

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect for the year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

$7,540 for severance taxes, $41,073 for depletion, and $71,139 for windfall profit taxes. Respondent attached to the notice of deficiency an explanation (see Schedule 5 of the Explanation of Adjustments) which sets forth the following calculation of the deduction for windfall profit tax:

Windfall Profit Tax Withheld Part IV Form 6248[2]

| | |
|---|---|
| Property 1 | $1,509 |
| Property 2 | 72,193 |
| Total | 73,702 |
| Less credit allowed | [3]2,563 |
| Deduction | 71,139 |

In response to the notice of deficiency, petitioners timely filed a petition with the Court on May 28, 1985. See sec. 6213. Respondent filed an answer to the petition on July 22, 1985.[4] On July 5, 1985, an amended petition[5] was filed wherein at paragraphs 4.h. and 5.e., the following assignment of error and alleged facts are set forth:

4. The determination of income tax and addition to the tax as set forth in the Notice of Deficiency is based upon the following errors:

\* \* \* \* \* \* \*

h. Error in failing to credit Petitioners with overpaid windfall profit taxes. \* \* \*

5. The facts upon which the Petitioners rely as the basis of their case, are as follows:

\* \* \* \* \* \* \*

e. Respondent has assessed incorrect amounts of royalty income; and failed to give correct credit for depletion allowance and overpaid windfall profit tax. \* \* \* [6]

---

[2]Form 6248, Annual Information Return of Windfall Profit Tax, reflects the windfall profit tax withheld from a producer's proceeds from the sale of oil by a first purchaser.

[3]In the reply filed on October 30, 1985, respondent clarifies this entry: "$2,563.00 constitutes a credit allowed to petitioners. This credit has been allowed but not yet paid. Of that amount, $2,500.00 is allowed pursuant to I.R.C. 6429. Under section 280D, no income tax deduction is allowed for the section 6429 credit. Rev. Rul. 82-174, 1982-2 C.B. 99. Therefore, petitioners are not entitled to a deduction for this amount."

[4]Respondent's answer was served on petitioners on July 18, 1985.

[5]Rule 41(a) provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served." Because the amended petition was filed prior to service of respondent's answer on July 18, 1985, the amended petition is properly before the Court. See *Derksen v. Commissioner*, 84 T.C. 355, 357 (1985).

[6]We observe that petitioners have used the term "credit" in its general sense throughout the amended petition. For example, petitioners state at par. 4.c. of the amended petition, "The Commissioner has attempted [to assign income] without acknowledging or crediting against income, the ordinary and necessary business expenses;" at par. 4.e., "Error in failing to credit Petitioners with taxes paid;" at par. 5.g., "Respondent has failed to credit Petitioners with any farm expenses whatsoever including depreciation." We point this out because there is some question as to whether petitioners are contesting the *credit* for overpaid windfall profit

On August 26, 1985, respondent filed a "Motion to Strike as to Windfall Profit Tax Credit under the Provisions of IRC 6429," the motion now under consideration. In his motion, respondent moves that this case, insofar as it pertains to a windfall profit tax credit under section 6429, be dismissed for lack of jurisdiction and that paragraphs 4.h. and 5.e. of the amended petition be stricken.

On August 29, 1985, a stipulation of settled issues was filed wherein the parties stipulated that, for purposes of the calendar year 1981 and this case, the Russell E. Logan Equity Pure Trust is a grantor trust and its taxable income and deductible expenses are allocable to petitioners.

## I. *Jurisdiction To Determine Claim for Overpaid Windfall Profit Tax*

The issue presented for our determination is whether this Court has jurisdiction to consider a claim for overpaid windfall profit tax in an income tax deficiency proceeding. At paragraph 4.h. of the amended petition, petitioners assert that they are entitled to a credit for overpaid windfall profit tax in a redetermination of their 1981 income tax deficiency. It is respondent's position that to the extent petitioners are claiming an overpayment of windfall profit tax and seeking a credit therefor, this Court has no jurisdiction. We agree with respondent.

Petitioners contend that the issue of overpaid windfall profit tax is properly before the Court since respondent raised the issue in his notice of deficiency. Petitioners point out that calculations of royalty income, windfall profit tax withheld, windfall profit tax paid, and overpaid windfall profit tax were used by respondent in determining the deficiency which is the basis of this case. It is petitioners' position that respondent has "opened the door" on the subject of overpaid windfall profit tax and, therefore, they are entitled to challenge respondent's calculations. Moreover, petitioners contend that their pleadings have properly raised the question of an insufficient deduction for windfall profit tax. At paragraph 5 of their response to respondent's motion filed on September 18, 1985, petitioners state:

tax under sec. 6429 or the *deduction* for windfall profit taxes under sec. 164, or both the credit and deduction.

Petitioners are simply requesting that the proper amount of overpaid windfall profit taxes be taken into consideration when determining any deficiency and be deducted in the correct amount in the computations of any deficiency.[7]

There is no question that this Court is a court of limited jurisdiction. *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981); *Wilt v. Commissioner*, 60 T.C. 977, 978 (1973). Our jurisdiction is precisely circumscribed by statute and we may not enlarge upon that statutory jurisdiction. Sec. 7442; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976); *Bolnick v. Commissioner*, 44 T.C. 245, 258 (1965); *Keefe v. Commissioner*, 15 T.C. 947 (1950).

In general, Tax Court jurisdiction exists only if there has been issued a valid statutory notice of deficiency and a timely petition has been filed therefrom.[8] Secs. 6212 and 6213; Rules 13 and 20; *Midland Mortgage Co. v. Commissioner*, 73 T.C. 902, 907 (1980); *Hannan v. Commissioner*, 52 T.C. 787, 791 (1969); *Myers v. Commissioner*, 28 T.C. 12, 13 (1957). It is uncontroverted that respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1981 and issued a notice of deficiency as authorized by section 6212. Moreover, there is no question that a timely petition was filed by petitioners, thus invoking this Court's jurisdiction to redetermine petitioners' 1981 income tax liability. However, our jurisdiction in this case is limited to a redetermination of petitioners' 1981 *Federal income tax deficiency and/or income tax overpayment* (secs. 6214(a) and 6512(b)), and cannot be expanded to encompass a determination of petitioners' windfall profit tax liability.

Questions which do not relate to the determined deficiency generally will not be considered.[9] In an income tax deficiency proceeding, the Court's jurisdiction is generally

---

[7]Respondent concedes that to the extent petitioners are contesting the deduction for windfall profit taxes, this Court has jurisdiction.

See note 6 *supra*, wherein we discuss the ambiguity of petitioners' pleadings.

[8]This case does not involve and, therefore, we do not address the Court's jurisdiction to adjudicate with respect to declaratory judgments, transferee liability, or disclosure actions.

[9]See, for example, *Weisbart v. Commissioner*, 79 T.C. 521, 540 (1982) (issue which related to gift tax liability could not be considered in income tax deficiency proceeding); *Linde v. Commissioner*, 17 T.C. 584, 597 (1951), remanded on another issue 213 F.2d 1 (9th Cir. 1954), cert. denied 348 U.S. 871 (1954) (issue which related to decedent's estate was not properly raised in a suit by a beneficiary); *Purdy v. Commissioner*, T.C. Memo. 1982-652 (because a claim of an overpayment of FICA and withholding taxes arises under subtitle C and is unrelated to income tax liability, the Court lacked jurisdiction to credit employment taxes paid against the determined deficiencies).

limited by section 6214 to a redetermination of the correct amount of the deficiency as defined in section 6211.[10] An income tax deficiency is computed with reference to "the tax imposed by subtitle A" (sec. 6211(a)), and as such, all taxes, credits, deductions, exclusions, etc., *imposed or allowed in subtitle A* are to be taken into consideration in calculating the existence of a deficiency. *Martz v. Commissioner*, 77 T.C. 749, 753 (1981). Subsection (b) of section 6211 excludes certain credits against income tax from the determination of the amount of a deficiency.[11]

Section 6429(a) provides that in the case of a qualified royalty owner, the portion of the tax imposed by section 4986 (pertaining to windfall profit tax) which is paid in connection with qualified royalty production removed from the premises during calendar year 1981 *shall be treated as an overpayment of the tax imposed by section 4986.* Such overpayment, under regulations prescribed by the Secretary of the Treasury,[12] shall be credited against the tax imposed by section 4986 or refunded to the qualified royalty owner. Sec. 6429(b)(1).

The Internal Revenue Service is authorized by section 6402 to credit (within the applicable period of limitations)

---

[10]SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45, the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45, exceeds the excess of—
    (1) the sum of
        (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
        (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
    (2) the amount of rebates, as defined in subsection (b)(2), made.

Sec. 6512(b) authorizes the Court to determine the existence and amount of any overpayment in the course of a deficiency proceeding. However, we will separately address the scope of our jurisdiction to determine an overpayment in this case.

[11]Sec. 301.6211-1(b), Proced. & Admin. Regs., interprets sec. 6211(b) and provides:

(b) For purposes of the definition, the income tax imposed by subtitle A and the income tax shown on the return shall both be determined without regard to the credit provided in section 31 for income tax withheld at the source and without regard to so much of the credit provided in section 32 for income tax withheld at the source as exceeds 2 percent of the interest on tax free covenant bonds described in section 1451. Payments on account of estimated income tax, *like other payments of tax by the taxpayer, shall likewise be disregarded in the determination of a deficiency.* Any credit resulting from the collection of amounts assessed under section 6851 as the result of a termination assessment shall not be taken into account in determining a deficiency. [Emphasis added.]

[12]To date, no regulations have been promulgated under this section.

any overpayment of tax against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. Pursuant to section 51.6402-1, Excise Tax Regs., overpayments of windfall profit tax may be claimed as a credit against the taxpayer's income tax liability.[13]

On the basis of the foregoing provisions, we conclude that any credit for overpaid windfall profit tax allowed by section 6402 in conjunction with section 6429 is not to be taken into account in computing an income tax deficiency. It is not a credit allowable under subtitle A, and, therefore, is not a part of the calculation of "tax imposed by subtitle A." Although an overpayment of windfall profit tax may be "credited" against a taxpayer's income tax liability (sec. 51.6402-1, Excise Tax Regs.), such credit does not reduce the assessed liability; rather, it is in the nature of a payment.[14]

Moreover, the deficiency procedures of sections 6211 through 6214 apply to the assessment of windfall profit tax.[15] In this case, however, a deficiency in windfall profit tax has not been determined, and a notice of deficiency with respect thereto has not been issued pursuant to section 6212(a).[16] As such, petitioners cannot invoke this Court's jurisdiction to determine their windfall profit tax liability or entitlement to a credit or refund of windfall profit tax simply because a deficiency in income tax has been determined. Further, section 6512(b)(1) provides—

*if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment* of income tax for the same

---

[13]See *Page v. Commissioner*, 86 T.C. 1 (1986), for a general discussion of the procedure for claiming a credit or refund of windfall profit tax by a producer.

[14]See sec. 301.6211-1(b), *supra*, which provides that payments are disregarded in the determination of a deficiency.

[15]The Windfall Profit Tax Act of 1980 (Pub. L. 96-223, 94 Stat. 229) added windfall profit tax under ch. 45 to the deficiency procedures of the Code. The legislative history of the act clarifies that Congress intended that the Tax Court exercise jurisdiction in windfall profit tax disputes to the same extent the Court exercises jurisdiction in income, estate, and gift tax proceedings:

"Under the conference agreement the respective courts will exercise jurisdiction over cases involving the windfall profit tax in the same manner that jurisdiction is exercised with respect to the income, estate, and gift taxes. Thus, the Tax Court will have prepayment jurisdiction over deficiencies asserted by the IRS, and the U.S. District Courts and the Court of Claims will have jurisdiction over refund suits." [H. Rept. 96-817 (1980), 1980-3 C.B. 245, 275.]

[16]Sec. 6212(a) provides in pertinent part that if the Secretary determines a deficiency in respect of tax imposed by ch. 45, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail.

taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which the petition relates, or *of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary determined the deficiency* or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, *the Tax Court shall have such jurisdiction to determine the amount of such overpayment*, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. [Emphasis added.]

Section 6512(b)(1) clearly authorizes this Court to determine an overpayment of windfall profit tax, but only in the context of a windfall profit tax deficiency proceeding. We simply have no jurisdiction to determine petitioners' entitlement to a credit for overpayment of windfall profit tax in a year in which the Commissioner of Internal Revenue has not first determined a deficiency in windfall profit tax.[17] It is well established that the determination of a deficiency by the Commissioner is a necessary predicate to the exercise of our power. Secs. 6211, 6213(a), 6214(a), (b); *Martz v. Commissioner, supra* at 754; *Midland Mortgage Co. v. Commissioner, supra*; *Baron v. Commissioner*, 71 T.C. 1028, 1034 (1979); *Jones v. Commissioner*, 62 T.C. 1, 2 (1974); *Hannan v. Commissioner, supra* at 791. While we have jurisdiction in this case to determine an overpayment of income tax, our authority cannot be expanded to allow a redetermination of the credit for overpaid windfall profit tax.[18] To do so would be tantamount to determining the petitioners' liability for windfall profit tax in an income tax deficiency proceeding.[19]

---

[17]See and compare *Gallo v. Commissioner*, T.C. Memo. 1975-366, where this Court held there was no jurisdiction to determine an overpayment in the taxpayer's 1970 taxable year although respondent determined deficiencies in earlier years and on the same notice indicated an overpayment in 1970.

[18]Petitioners have made it abundantly clear that they do not claim there is an overpayment of income tax. That being the case, it is unnecessary to elaborate on the scope of our jurisdiction to determine the existance and amount of an overpayment of income tax. However, for the sake of completeness and to clarify, nothing in this opinion is intended to imply that we lack jurisdiction *in the course of determining an overpayment of income tax* to consider a credit attributable to overpaid windfall profit tax that has actually been allowed as a payment of income tax pursuant to sec. 6402. The amount of such credit applied in satisfaction of an income tax deficiency *is deemed to be a payment in respect of income tax.* Sec. 7422(d).

[19]We have consistently endorsed a "separate tax" theory. See, for example, *Weisbart v. Commissioner, supra*. In *Weisbart* the Commissioner issued a notice of deficiency in income tax but did not issue a notice of deficiency in gift tax. The Court held there was no jurisdiction to determine the gift tax liability.

Accordingly, we hold that this Court has no jurisdiction to consider petitioners' claim for a credit for overpaid windfall profit tax in the course of this income tax deficiency proceeding. A notice of deficiency with respect to windfall profit tax must be issued before we can determine petitioners' entitlement to a credit or refund of such tax.

At this point, it is necessary to emphasize that while we have no jurisdiction in this case to determine petitioners' credit for overpaid windfall profit tax, we do have jurisdiction to redetermine the amount of petitioners' deduction for windfall profit tax under section 164.[20] The deduction allowed by section 164 is a part of the calculation of "the tax imposed by subtitle A." Sec. 6211(a). In addition, section 280D (which is also a part of subtitle A) provides "No deduction shall be allowed for that portion of the tax imposed by section 4986 for which a credit or refund is allowable under section 6429."[21] Any factual or legal issues which relate to the amount of the deduction allowed for windfall profit taxes pursuant to section 164(a)(5) and limited by section 280D are proper considerations in redetermining petitioners' income tax deficiency.[22]

## II. *Rule 52. Motion To Strike*

Upon the motion of a party or upon the Court's own initiative the Court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. Rule 52. A motion to strike, as with other motions, must state with particularity the grounds therefor. Rule 50(a). Motions to strike are not favored by Federal courts. *Estate of Jephson v. Commissioner*, 81 T.C. 999, 1001 (1983); *Allen v. Commissioner*, 71 T.C. 577, 579 (1979). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore, Federal Practice, par. 12.21[2], at 2469 (2d ed.

---

[20]As stated earlier, respondent has conceded jurisdiction as to this issue.

[21]Sec. 280D was added by sec. 1131(d)(1) of Pub. L. 96-499, 1980-2 C.B. 509, 530. We are unaware of any cases interpreting sec. 280D.

[22]Other deductions, i.e., the calculation of percentage depletion under sec. 613, may also be affected by sec. 280D.

1968). [Fn. ref. omitted.][23] Further, a court need not strike allegations which are redundant or immaterial if their presence in the pleading cannot prejudice the adverse party. 2A J. Moore, *supra*, par. 12.21[2], at 2431.

Here, respondent asserts that paragraphs 4.h. and 5.e. be stricken from the amended petition on the basis that we lack jurisdiction to determine petitioners' credit for overpaid windfall profit tax under section 6429. After a careful review of the paragraphs in question and the pleading as a whole, we conclude that respondent's motion to strike should be denied.

With deference to the respondent's position, we must acknowledge that the paragraphs in question are a far cry from being "clear and concise" averments. See Rule 34(b)(4) and (5). Nevertheless, we are persuaded that petitioners dispute the credit for overpaid windfall profit tax pursuant to sections 6402 and 6429, as well as respondent's calculation of the windfall profit tax deduction pursuant to sections 164 and 280D. All pleadings shall be so construed as to do substantial justice (Rule 31(d)), and we are convinced that this is a fair construction of the paragraphs in question.[24]

In view of our determination that the Court has jurisdiction to redetermine the deduction under section 164 for windfall profit taxes paid, reduced by the amount "allowable as a credit under section 6429" (sec. 280D), we are not persuaded that the allegations at paragraphs 4.h. and 5.e. have no possible relation to the controversy. The paragraphs at issue contain factual allegations pertaining to the credit for overpaid windfall profit tax under section 6429 which may have a bearing on the interpretation of section 280D. "When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied."[25]

---

[23]Rule 52 is derived from rule 12(f) of the Federal Rules of Civil Procedure. Hence, with respect to questions concerning the interpretation of Rule 52, the history of rule 12(f), Fed. R. Civ. P., and the authorities interpreting such rule may be considered by the Tax Court. Rule 1(a); *Estate of Jephson v. Commissioner*, 81 T.C. 999, 1000-1001 (1983); *Allen v. Commissioner*, 71 T.C. 577, 579 (1979). See also *Hall v. Commissioner*, T.C. Memo. 1984-437.

[24]See note 6 *supra*, wherein we discuss portions of petitioners' pleadings.

[25]See *Estate of Jephson v. Commissioner*, *supra* at 1001, citing *Samuel Goldwyn, Inc. v. United Artists Corp.*, 35 F. Supp. 633, 637 (S.D.N.Y. 1940); *Loughrey v. Landon*, 381 F. Supp. 884, 888 (E.D.Pa. 1974); *W.E. Booton Ltd. v. Scott & Williams, Inc.*, 45 F.R.D. 108, 109-110 (S.D.N.Y. 1968).

Accordingly, in these circumstances, respondent's motion to strike will be denied since the portions of the petition pertaining to the credit for overpaid windfall profit tax contain a sufficient claim or defense and are not redundant, immaterial, impertinent, frivolous, or scandalous. Rule 52.

*An appropriate order will be issued.*